**Wade C. TALLMAN and Craig M. Diffie, Claimants–Appellants,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 96–7006.

United States Court of Appeals, Federal Circuit.

Jan. 21, 1997.

Robert C. Westerfeldt, Fried, Frank, Harris, Shriver & Jacobson, of Washington, DC, argued for claimants-appellants. With him on the brief were James J. McCullough and Karen T. Grisez.

Mark C. Niles, Attorney, Appellate Staff, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Frank W. Hunger, Assistant Attorney General, Mark B. Stern and Ellen D. Katz, Attorneys. Of counsel was Alisa B. Klein, Attorney.

Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.

MAYER, Circuit Judge.

Wade C. Tallman and Craig M. Diffie appeal the judgment of the United States Court of Veterans Appeals, 7 Vet.App. 453 (1995), denying them entitlement to educational assistance benefits under Pub.L. No. 101–366, § 207, 104 Stat. 442 (1990), as amended by Pub.L. No. 102–83, § 5(c)(2), 105 Stat. 406 (1991), (currently found at 38 U.S.C. § 3222 note (1994)). We reverse and remand.

## Background

Tallman and Diffie began their third year at the United States Naval Academy in 1976 and graduated in 1978. Since graduating, both have served on active duty at all relevant times. Tallman completed three courses at Salve Regina College, from which he received a master of arts degree in 1990. The Navy reimbursed Tallman for a portion of his tuition and fees, leaving him to pay the remainder. Diffie also completed a graduate program. Ultimately receiving a master of science in 1990, he attended the University of Southern California beginning in 1988. The Navy paid Diffie less than one-half of his total tuition.

In November and March of 1991, respectively, Tallman and Diffie applied to the Veterans Administration for assistance under section 207, of Pub.L. No. 101–36, 104 Stat. 442, entitled Refunds for Certain Service Academy Graduates, to supplement their Navy tuition benefits. In each case stating that the applicant's receipt of Navy benefits precluded entitlement to section 207 assistance, the Veterans Administration denied both applications. After following the prerequisite statutory and regulatory procedures, *see Hamilton v. Brown,* 39 F.3d 1574, 1575–76 (Fed.Cir.1994), Tallman and Diffie each appealed to the Board of Veterans Appeals. The board denied their entitlement to section 207 assistance. They appealed to the Court of Veterans Appeals, which consolidated their cases. Deferring to the Secretary of Veterans Affairs' interpretation of section 207(a)(2)(B), the court held that Tallman's and Diffie's receipt of Navy benefits prevented their collection of section 207 assistance. This appeal followed.

## Discussion

In reviewing a decision of the Court of Veterans Appeals, this court "shall decide all relevant questions of law, including interpreting ... statutory provisions." 38 U.S.C. § 7292(d)(1) (1994). This case requires us to interpret section 207(a)(2)(B), a provision looking to chapter 34 of title 38 of the United States Code (Chapter 34), *id.* §§ 3451–3493 (1994), known as the Vietnam-era GI Bill. Chapter 34 provided service members and

veterans an allowance for educational programs. *See* 38 U.S.C. §§ 3461–3482. More specifically, Chapter 34 constituted a source of educational assistance for any veteran or service member who:

(A) served on active duty for a period of more than 180 days, any part of which occurred after January 31, 1955, and before January 1, 1977, and was discharged or released therefrom under conditions other than dishonorable [or has served continuously on active duty]; or

(B) contracted with the Armed Forces and was enlisted in or assigned to a reserve component prior to January 1, 1977, and as a result of such enlistment or assignment served on active duty for a period of more than 180 days, any part of which commenced within 12 months after January 1, 1977, and was discharged or released from such active duty under conditions other than dishonorable [or has served continuously on active duty]; or

(C) was discharged or released from active duty, any part of which was performed after January 31, 1955, and before January 1, 1977, or following entrance into active service from an enlistment provided for under clause (B) of this paragraph, because of a service-connected disability.

*Id.* § 3452(a).

Section 207 retroactively offered the equivalent of Chapter 34 benefits to service members and veterans who enrolled in educational courses and programs but were ineligible for Chapter 34 benefits. *See* § 207, 104 Stat. at 442–43. In particular, section 207 extended benefits to former United States Naval Academy midshipmen who (1) commenced their third year at the academy before January 1, 1977, *see id.*, but neither (2) served more than 180 days on active duty prior to nor (3) became attached to a reserve component before January 1, 1977, *see* 38 U.S.C. § 3452. Moreover, for former midshipmen who, like Tallman and Diffie, had not received educational assistance under chapter 32 of title 38, 38 U.S.C. §§ 3201–3243 (1994), the Post–Vietnam Era Veterans' Educational Assistance Program, section 207(a)(2)(B) directed the Secretary to "pay to the individual ... a sum equal to the amount of educational assistance that the individual would have received under chapter 34 of such title for the pursuit of a program of education if the individual had been entitled to assistance under such program during the period ending on December 31, 1989 ...." § 207(a)(2)(B), 104 Stat. at 442–43.

■ Disputing Tallman's and Diffie's entitlement, the Secretary asserts that in the language reading, "if the individual had been entitled to assistance under [Chapter 34] during the period ending on December 31, 1989," the word "if" is ambiguous and may mean "assuming that" or "only if." Interpreting "if" to mean "only if," the Secretary argues that because receiving educational benefits from one of the armed services precluded Chapter 34 eligibility, *see* 38 U.S.C. § 3681 (1994), Tallman's and Diffie's collection of Navy benefits renders them ineligible for section 207 benefits. Moreover, the Secretary describes this interpretation as "a longstanding administrative practice" and "entitled to deference." We disagree.

The Secretary's focus on the possible ambiguity of the word "if" overlooks the dispositive significance of the phrase, "during the period ending on December 31, 1989." Simply put, to construe section 207(a)(2)(B) to provide benefits "*only if* [an] individual had been entitled to assistance under [Chapter 34] during the period ending on December 31, 1989," would preclude not only Tallman and Diffie. This interpretation would exclude *any* veteran or active duty service member who was ineligible for Chapter 34 benefits on or before December 31, 1989, from section 207(a)(2)(B) eligibility. The Secretary would give the equivalent of Chapter 34 benefits under section 207(a)(2)(B) only to those who were eligible for Chapter 34 benefits, thereby rendering the section meaningless. And his action would fly in the face of the very purpose for which the legislation was enacted: to cover those few cadets and midshipmen who were inadvertently overlooked when the GI Bill was converted from Vietnam-era to Post Vietnam-era benefits. *See, e.g.,* 135 Cong. Rec. 22,673 (1989).

■ This "court shall hold unlawful and set aside any regulation or interpretation

thereof ... that was relied upon in the decision of the Court of Veterans Appeals that [this court] finds to be ... not in accordance with the law." 38 U.S.C. § 7292(d)(1)(A) (1994). "The cardinal principle of statutory construction is to save and not to destroy," *National Labor Relations Bd. v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 30, 57 S.Ct. 615, 621, 81 L.Ed. 893 (1937). Thus, we must "give effect, if possible, to every word and clause of a statute," *Inhabitants of Montclair v. Ramsdell,* 107 U.S. 147, 152, 2 S.Ct. 391, 395, 27 L.Ed. 431 (1883). We hold that the Secretary's interpretation, which implodes section 207(a)(2)(B) with a charge of ambiguity, is not in accordance with law. Tallman and Diffie are entitled to section 207 benefits.

### Conclusion

Accordingly, the judgment of the Court of Veterans Appeals is reversed and the case is remanded for calculation of entitlement and payment.

### COSTS

Wade C. Tallman and Craig M. Diffie shall have their costs.

*REVERSED and REMANDED.*