**Frank A. GLOVER, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 99–7015.**

United States Court of Appeals, Federal Circuit.

Aug. 2, 1999.

Rehearing Denied; Suggestion for Rehearing In Banc Declined Oct. 19, 1999.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Colleen Conry, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were David M. Cohen, Director; Bryant G. Snee, Assistant Director; and Franklin E. White, Trial Attorney. Of counsel on the Brief were Richard J. Hipolit, Acting Assistant General Counsel and Martin J. Sendek, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, LOURIE, and KELLY,* Circuit Judges.

LOURIE, Circuit Judge.

Frank Glover appeals from the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' decision that the Regional Office's (the "RO's") 1979 rating decision denying him compensation for a psychiatric disorder was not the result of clear and unmistakable error. *See Glover v. West,* No. 97–222, 1998 WL 640959 (Vet. App. Aug. 5, 1998) (memorandum decision); *Glover v. West,* No. 97–222, 1998 WL 640959 (Vet.App. Aug. 28, 1998) (judgment). We affirm.

## BACKGROUND

Glover served in the United States Navy from July 1940 to February 1945, during which time he had numerous combat experiences that resulted in psychiatric disability. *See Glover,* slip. op at 1. In early 1945, Glover was honorably discharged and awarded a 50% disability evaluation for psychoneurosis; following a series of rating decreases, his rating was ultimately reduced to 0% in 1952. *See id.* at 2. In August 1979, Glover sought an increased disability rating for his psychiatric condi-

---

* Honorable Paul J. Kelly, United States Court of Appeals for the Tenth Circuit, sitting by designation.

tion and obtained a physician's medical evaluation from the Louisiana Department of Veterans Affairs (a state agency). See *id.* However, the evaluation only addressed Glover's gastrointestinal problems and degenerative disk disease, with no reference to any psychiatric malady. See *id.* Thus, in its October 18, 1979 decision, the RO denied Glover an increased rating for his psychiatric disorder. See *id.* Glover did not appeal this decision, and the decision became final. See *id.*

On December 9, 1992, Glover again sought an increased rating for his psychiatric condition. See *id.* The Department of Veterans Affairs ("DVA") examined Glover for mental disorders and post-traumatic stress disorder (PTSD), and these results, together with those of Glover's physician, Dr. Richard Cincinelli, were sent to the RO. See *id.* The RO concluded that an increased rating for service-connected anxiety reaction-PTSD had been established. See *id.* On April 23, 1993, Glover was assigned a disability rating of 50%, effective December 9, 1992, the date on which his application was received. See *id.*

Glover then filed a Notice of Disagreement regarding the RO's *April 1979* rating decision, arguing that this decision was the result of clear and unmistakable error.[1] *See In re Glover,* No. 94–20 990, slip op. at 1 (BVA Oct. 30, 1996). Specifically, Glover argued that the RO had breached its duty to assist when it failed to examine him to ascertain the nature and extent of his mental illness, thereby resulting in an incomplete and incorrect record. *See id.* at 2–3, 6–7. The Board held that even if the RO had breached its duty to assist by failing to provide Glover with a psychiatric examination, the incomplete record was not the product of clear and unmistakable error. *See id.* at 9.

Glover appealed to the Court of Appeals for Veterans Claims, which affirmed, holding that there was no clear and unmistakable error in the RO's 1979 decision. *See Glover,* slip op. at 5. The court first disagreed with Glover's contention that the RO had failed in its duty to assist, reasoning that the VA had no duty to attempt to obtain records of which it had no notice. *See id.* at 3–4. The court observed that when Glover was examined in 1979, he was not seeking treatment for a psychiatric disability, he had not informed the physician at the Louisiana DVA that such a condition had recurred, and he had failed to reference the existence of private medical records which documented his psychiatric disability. *See id.* at 4. The court also noted that there was no evidence that Glover attempted to have his psychiatric problems diagnosed or treated in 1979. *See id.*

■ The court further disagreed with Glover's contention that the VA should have ordered contemporaneous medical and psychological examinations in 1979. The court interpreted the regulation governing reexaminations, 38 C.F.R. § 3.327,[2]

---

1. 38 U.S.C. § 5109A(a) sets forth the statutory basis for the concept of clear and unmistakable error:

   A decision of the Secretary under this chapter is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised.

   38 U.S.C. § 5109A(a) (1997); see also 38 C.F.R. § 3.105(a) (1998). Although not enacted until 1997, 38 U.S.C. § 5109A applies both prospectively and retroactively. *See* Revision of Veteran's Benefits Decisions for Clear and Unmistakable Error, Pub.L. No. 105–111, § 1(c)(1), 111 Stat. 2271 (1997). Thus, despite the finality generally accorded

to ratings decisions of the Department of Veterans Affairs, *see* 38 C.F.R. 3.104(a) (1998), clear and unmistakable error provides a limited statutory mechanism by which veterans have attempted to collaterally attack an otherwise final RO decision. *See Bustos v. West,* 179 F.3d 1378, 1380 (Fed.Cir.1999).

2. Both Glover and the Court of Appeals for Veterans Claims incorrectly cited the 1998 version of 38 C.F.R. § 3.327(a), when in fact the 1979 version of this regulation was in effect at the time of the 1979 rating decision. The 1998 version states that:

   Reexaminations, including periods of hospital observation, will be requested whenever

to require the veteran to present evidence of a material change in his or her service-connected condition in order to trigger the VA's obligation to provide a reexamination. *See Glover*, slip op. at 4. Because Glover failed to present any evidence of a material change in his service-connected condition, the court concluded that the VA had no obligation to provide him with a reexamination. *See id.*

Glover appealed to this court.

## DISCUSSION

■ Our jurisdiction to review a decision of the Court of Appeals for Veterans Claims, set forth in 38 U.S.C. § 7292, is highly circumscribed. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed.Cir.1999). Under 38 U.S.C. § 7292(a), a party may seek review of a decision "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (1998). We review the statutory interpretation of the Court of Appeals for Veterans Claims *de novo*. *See Richard v. West*, 161 F.3d 719, 721 (Fed.Cir.1998).

Glover advances several arguments in support of his claim that the Court of Appeals for Veterans Claims erred in concluding that there was no clear and unmistakable error in the 1979 ratings decision. Glover contends that the court misinterpreted § 3.327(a) by not construing the regulation in a pro-claimant fashion. Specifically, Glover argues that § 3.327(a) mandates a reexamination in *all* cases in which a veteran attempts to reopen a claim

for a service-connected disability, and that the agency has no discretion under this regulation to determine whether a reexamination is necessary. Glover continues that the agency's failure to request a reexamination in turn resulted in a violation of its duty to assist. Glover thus argues that the RO's failure to provide him with a reexamination under § 3.327(a), and the resulting breach of the agency's duty to assist, both constitute clear and unmistakable error as a matter of law.

The Secretary responds that, in view of our narrow jurisdictional mandate, we lack subject matter jurisdiction over this appeal because it only involves the application of § 3.327(a) to the factual record of Glover's 1979 claim. Alternatively, assuming that we do have jurisdiction, the Secretary contends that the court properly held that the 1979 rating decision was not the result of clear and unmistakable error. The Secretary argues that the court correctly interpreted § 3.327(a), in either its 1979 or 1998 version, as not requiring a reexamination, and that Glover's interpretation would render most of the regulation's language meaningless. Accordingly, the Secretary asserts that there was no failure to assist, and even if there had been, that failure of the agency to assist cannot be the basis for a clear and unmistakable error claim.

■ As an initial matter, we agree with Glover that his arguments regarding the court's interpretation of the reexamination regulation, 38 C.F.R. § 3.327, are within our jurisdiction. These arguments clearly fall within the ambit of § 7292(a), which mandates that we have jurisdiction to review decisions of the court involving the interpretation of a statute or regulation

---

VA determines there is a need to verify either the continued existence or the current severity of a disability. Generally, reexaminations will be required if it is likely that a disability has improved, or if evidence indicates there has been a material change in a disability or that the current rating may be incorrect.

38 C.F.R. § 3.327(a) (1998). The 1979 version of § 3.327(a), which is similar to its successor, states that:

Reexamination will be requested whenever evidence indicates there has been a material increase in disability since the last examination, or where the disability is likely to improve materially in the future.

38 C.F.R. § 3.327(a) (1979). As the relevant portions of the two versions are not materially different from each other, and the court's interpretation applies equally to both, we conclude that the court's error is harmless.

relied upon by the Court of Appeals for Veterans Claims.

■ Turning to the merits, we agree with the Secretary that the court correctly interpreted the relevant portion of the 1998 version of § 3.327(a), and that this interpretation applies with equal force to the relevant portion of the 1979 version of that regulation. In construing a statute or regulation, we commence by inspecting its language to ascertain its plain meaning. *See Bazalo v. West,* 150 F.3d 1380, 1382 (Fed.Cir.1998). If we conclude that the terms of the statute or regulation are unambiguous, no further inquiry is usually required. *See Cox v. West,* 149 F.3d 1360, 1363 (Fed.Cir.1998) ("When we find the terms of a statute unambiguous, judicial inquiry should be complete except in rare and exceptional circumstances." (quoting *Freytag v. Commissioner,* 501 U.S. 868, 873, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991))). Furthermore, we attempt to give full effect to all words contained within that statute or regulation, thereby rendering superfluous as little of the statutory or regulatory language as possible. *See Tallman v. Brown,* 105 F.3d 613, 616 (Fed.Cir. 1997); *Union Pac. Corp. v. United States,* 5 F.3d 523, 526 (Fed.Cir.1993).

■ The plain language at issue in the 1979 version of § 3.327(a) (and the 1998 version as well) can only be construed to mean that the DVA is not required to request that the veteran be reexamined in *all* cases, but rather only when there is evidence suggesting a material change in the veteran's disability. The 1979 version states that:

> Reexamination will be requested whenever *evidence* indicates there has been a *material increase* in disability since the last examination, or where the disability is likely to *improve materially* in the future.

38 C.F.R. § 3.327(a) (1979) (emphasis added). The 1998 version of § 3.327(a) likewise states that:

> Reexaminations, including periods of hospital observation, will be requested whenever VA determines there is a need to verify either the continued existence or the current severity of a disability. Generally, reexaminations will be required if it is likely that a disability has improved, or if *evidence* indicates there has been a *material change* in a disability or that the current rating may be incorrect.

38 C.F.R. § 3.327(a) (1998) (emphasis added). While Glover is no doubt correct in asserting that veterans' benefits statutes should be construed in a liberal, pro-claimant fashion, *see Hodge v. West,* 155 F.3d 1356, 1362 (Fed.Cir.1998), this fact does not enable us to ignore the plain language of the regulation, which indicates that a reexamination is necessary only if one of the conditions set forth in the regulation is satisfied. *See Smith v. Brown,* 35 F.3d 1516, 1526 (Fed.Cir.1994) ("[Claimant] cannot rely upon the generous spirit that suffuses the law generally to override the clear meaning of a particular [regulatory] provision."). The 1979 version of the regulation specifically indicates that a reexamination is necessary only when there is evidence of either a material increase in the veteran's disability since his or her prior examination or when it is probable that the disability will likely improve materially in the future. *See* 38 C.F.R. § 3.327(a) (1979). Glover's interpretation of the regulation renders these conditions meaningless, a result contrary to the canons of statutory interpretation.[3] *See Tallman,* 105 F.3d at 616.

■ Whether Glover provided adequate evidence that met the requirements

---

**3.** Glover's argument is even weaker under the 1998 version of the regulation, as that version explicitly states that reexaminations are necessary when the "VA determines" that they are necessary. Moreover, Glover's interpretation would render meaningless the conditions under which a reexamination is mandated under the 1998 version, *viz.,* that a reexamination will generally be necessary when it is probable that the veteran's condition has improved or evidence suggests that there has been *either* a material change in the veteran's

of the regulation requires application of the regulation to the facts of the case, an exercise that is beyond our jurisdiction to review. Whether any failure to provide a reexamination would constitute clear and unmistakable error would similarly be fact-based and hence beyond our jurisdiction. However, we agree with the court's interpretation of § 3.327(a) that the *veteran* must come forward with at least some evidence that there has in fact been a material change in his or her disability when that veteran seeks a rating increase. A bald, unsubstantiated claim for an increase in disability rating is not evidence of a material change in that disability and is insufficient to trigger the agency's responsibility to request a reexamination.

■■■ Glover also asserts that the agency's failure to provide a reexamination constituted a breach of its duty to assist, and that such breach was clear and unmistakable error. Since the Court of Appeals for Veterans Claims properly interpreted the regulation and held that the regulation was not violated, and since we cannot review that application of regulation to fact, the question whether such a violation would constitute clear and unmistakable error is also beyond our jurisdiction.[4]

### CONCLUSION

We conclude that 38 C.F.R. § 3.327 (1979) does not mandate a reexamination in all cases in which a veteran attempts to reopen a claim for service-connected disabilities, but only when the specific requirements of the regulation have been met. Any other issue that has been raised is beyond our jurisdiction. We therefore

*AFFIRM.*

disability or that the veteran's current rating might be incorrect. *See* 38 C.F.R. § 3.327(a) (1998)

4. We further note that the recently enacted regulation, 38 C.F.R. § 20.1403, specifically provides that breach of the duty to assist does not constitute clear and unmistakable error. *See* 38 C.F.R. § 20.1403(d)(2) (1999).