NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM L. CAMPBELL, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7123

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 08-1511, Judge William A. Moorman.

---

Decided: December 9, 2010

---

WILLIAM L. CAMPBELL, JR., New York, New York, pro se.

SARAH A. MURRAY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, Assistant Director. Of counsel was J. HUNTER BENNETT, Attorney. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, BRYSON, and LINN, *Circuit Judges*.

PER CURIAM.

William L. Campbell ("Campbell") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board") denying him entitlement to an effective date earlier than September 7, 2002, for a right shoulder disability with bursitis. *Campbell v. Shinseki*, No. 08-1511 (Vet. App. June 30, 2010). Because Campbell appeals only factual determinations and the application of law to the facts of his case, this court lacks jurisdiction to consider his claims and dismisses the appeal.

## BACKGROUND

Campbell served in the United States Army from January 1968 to December 1969 and from September 1972 to May 1979. On May 16, 1979, Campbell filed a claim for service connection for, among other things, "Hurt back [in] 1974, and shoulder[.] Re[-]injury back, knee, and shoulder [in] 1976. Bursitis left shoulder." Based on a VA medical examination, the regional office ("RO") denied service connection for the left shoulder disability in October 1979. Campbell submitted a notice of disagreement.

In September 2002, Campbell filed a claim for service connection for both shoulders retroactive to his original claim filed in May 1979. The RO granted service connec-

tion for bursitis of the left and right shoulders, with each shoulder receiving a 20 percent disability rating effective September 7, 2002. In response to a notice of disagreement, the RO granted entitlement to an earlier effective date for service connection for the left shoulder, but not the right. Service connection for Campbell's left shoulder was made effective May 17, 1979, with a noncompensable evaluation assigned from that date up until September 7, 2002, when the 20 percent rating was assigned. In denying an earlier effective date for Campbell's right shoulder injury, the RO found no evidence showing that a claim for service connection for a right shoulder condition was filed at any time prior to September 2002.

Campbell appealed the RO's decision to the Board in March 2006. Regarding Campbell's right shoulder, the Board concluded that even upon reading his May 1979 application for benefits and his medical records sympathetically, there was no claim pending prior to September 2002 for which service connection for a right shoulder disability could have been granted. The Board explained that Campbell could not collaterally attack the October 1979 decision regarding a right shoulder disability because that decision, and the May 1979 application, dealt solely with his left shoulder disability. Accordingly, the Board denied an effective date prior to September 2002 for the grant of service connection for a right shoulder disability with bursitis.

Campbell appealed the Board's decision to the Veterans Court, which affirmed. *Campbell v. Shinseki*, No. 08-1511 (Vet. App. June 30, 2010) Campbell appeals from the judgment of the Veterans Court. This court has jurisdiction under 38 U.S.C. § 7292(c).

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. In appeals from the Veterans Court not presenting a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). In other words, this court generally has no jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Campbell raises a number of issues on appeal. Specifically, Campbell alleges "(1) The [Veterans] Court accepted incorrect Volume 1 medical records; (2) failed to take into consideration relevant medical records; (3) did not meet its duty to assist me; (4) failed to give me the benefit of the doubt in light of missing and incomplete records; (5) failed to apply VA Adjudication Manual M21-1, Part IV, Paragraph 3.09(a); (6) continues to discredit evidence suggesting [clear and unmistakable error]; (7) refuses to address the fact that the New York regional office was found guilty of shredding, destroying, mishandling and losing the benefits claims of veterans." App. Br. at 1, 3. This court concludes that all of these issues relate to factual determinations made by the Board or the Veterans Court or the application of law to the facts presented, over which we have no jurisdiction.

Regarding Campbell's contentions that the Veterans Court accepted incorrect evidence or failed to consider relevant medical records, these unsubstantiated challenges present factual matters outside this court's juris-

diction. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (stating that the VA is presumed to have considered all evidence of record). Campbell also argues that the court failed to satisfy its duty to assist. Whether the VA satisfied its duty to assist is a factual matter outside this court's jurisdiction. *Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999). Similarly, whether the VA properly applied the benefit-of-the-doubt doctrine is a matter of application of law to fact and is outside this court's jurisdiction. *See Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001). Campbell also contends that the Veterans Court failed to apply a VA Manual provision directing VA adjudicators to reasonably infer issues from the "facts of circumstance of the claim." App. Br. at 3. "[T]he interpretation of the contents of a claim for benefits [is] a factual issue over which we [do] not have jurisdiction." *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008). Campbell also contends that the Veterans Court discredited evidence suggesting clear and unmistakable error. Campbell's challenge regards the weighing of the evidence in his case, a factual matter entirely outside this court's jurisdiction. *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Campbell's argument that the Veterans Court refused to address his assertion regarding the New York RO is without merit because the Veterans Court in fact addressed Campbell's assertion, yet found it "unsupported by the evidence." Further, whether records were missing from Campbell's file also presents a question of fact outside this court's jurisdiction.

Finally, while Campbell acknowledges that the Veterans Court did not decide any constitutional issues, App. Br. at 1, Campbell nonetheless also argues that his "constitutional rights under the Privacy Act were violated as a result of the New York Harbor VA Medical Center losing my Volume 1 medical records which contained my per-

sonal and confidential information." *Id.* While the Privacy Act of 1974, 5 U.S.C. § 552a, Public Law No. 93-579, (Dec. 31, 1974), contains provisions for civil actions in the district courts, it does not create a constitutional cause of action. The Veterans Court did not decide any constitutional issues or rely on constitutional principles in finding Campbell was not entitled to an earlier effective date. Nor has Campbell shown that the VA violated any of his constitutional rights. Accordingly, Campbell's arguments are constitutional in name only and inadequate to give this court the jurisdiction it otherwise would not have. *See, e.g.*, *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007).

Because Campbell's appeal raises challenges to factual determinations and the Veterans Court's application of laws and regulations to the facts of this case, this court lacks jurisdiction to review his appeal. Accordingly, Campbell's appeal is dismissed.

## DISMISSED

### COSTS

Each party shall bear its own costs.