NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIAN ANDERSON,**
*Claimant-Appellant*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2013-7143

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-0274, Judge Alan G. Lance, Sr.

---

Decided: April 10, 2014

---

BRIAN ANDERSON, of Sterling, Colorado, pro se.

MARTIN M. TOMLINSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and JOSHUA MAYER, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

_____

PER CURIAM.

Brian Anderson appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") finding that the character of Anderson's other-than-honorable ("OTH") discharge barred entitlement to benefits from the Department of Veterans Affairs ("VA"). *See Anderson v. Shinseki*, No. 12-0274, 2013 WL 2390941 (Vet. App. June 3, 2013). Because Anderson's arguments challenge only factual findings and an application of law to fact, we dismiss for lack of jurisdiction.

BACKGROUND

Anderson served on active duty in the United States Marine Corps from October 1977 to October 1979. After 67 days of absence without leave, Anderson was classified as a deserter and discharged under OTH conditions. *Id.* at *1. Anderson received mental status evaluations in both March and August 1979, but neither evaluation revealed any indication of psychological disability. *Id.* In 2002, and again in 2004, the Army Board for Correction of Military Records found no basis on which to revise Anderson's character of discharge.

In 2002, Anderson filed a claim with a VA Regional Office ("RO") seeking to establish service connection for a mental disability. The RO determined that the character of Anderson's discharge presented a bar to his benefit eligibility. *Id.* Anderson appealed to the Board, which issued a final decision in 2006 finding that Anderson's character of discharge constituted a bar to VA benefits. *Id.* In 2008, following an appeal, the Veterans Court granted a joint motion for remand vacating the Board's

decision, in which the parties agreed that the VA had not satisfied its duty to assist Anderson because it had not requested records from the VA Medical Center where he claimed to have received treatment after being discharged from service. *Id.*

In 2011, the RO informed Anderson that it had received a negative reply for its request for service records and that all efforts to obtain his records had been exhausted. *Id.* at *2. Anderson again appealed, and the Board found that the RO had substantially complied with the remand instructions in its efforts to locate Anderson's records. Based on the available records, the Board further found that there was no evidence indicating that Anderson was "insane" either during his time of service or shortly after his discharge from service. App. to Appellee Br. 27–28. The Board also found that Anderson's absence without leave for 67 days during his period of service, along with two offenses for disrespectful conduct toward a superior officer, constituted persistent and willful misconduct justifying discharge under OTH conditions pursuant to 38 C.F.R. § 3.12(d)(4), and further that his conduct did not fall within the exception for a minor offense. *Id.* at 28. Accordingly, the Board ultimately found that Anderson's discharge was OTH, which was a bar to his eligibility for VA benefits. *Id.* at 17, 19–20.

Anderson again appealed to the Veterans Court, which affirmed the Board's decision. *Anderson*, 2013 WL 2390941, at *3. The court concluded that there was no clear error in the Board's finding that: (i) the VA satisfied its duty to assist because the RO substantially complied with the terms of the 2008 joint motion for remand by requesting Anderson's alleged records and Anderson otherwise failed to show that he was harmed by the purported failure to obtain them; and (ii) the evidence established that the offenses for which Anderson was discharged under OTH conditions were willful and persistent and did not fall within the exception for a discharge

for a minor offense that would allow him to pursue entitlement to VA benefits. *Id.* at *2–3.

Anderson then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

The Veterans Court decision did not involve any questions regarding the validity or interpretation of a statute or regulation. Rather, the Veterans Court merely applied the law governing both the VA's duty to assist a claimant and its character of discharge determination to the facts of Anderson's case. *Anderson*, 2013 WL 2390941, at *2–3.

Anderson asserts here that: (i) he should not be precluded from eligibility for VA benefits because he was "insane" at the time that he committed the offenses that led to his discharge under OTH conditions; (ii) the RO failed to comply with the 2008 joint motion for remand by not obtaining the records that he alleges exist and support his disability contention; and (iii) the Veterans Court erred in its determination that the Board's findings to the contrary were not clearly erroneous. However, those arguments challenge only the Veterans Court's application of 38 U.S.C. §§ 5103A(a)(1) and 5303(b) to the facts of Anderson's case, which are matters outside of our jurisdiction. *See Dyment v. Principi*, 287 F.3d 1377, 1381 (Fed. Cir. 2002) (holding that claimant's appeal of the Veterans

Court's finding that there was no compliance with a remand order was a factual challenge beyond our jurisdiction); *see also Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999) (finding no jurisdiction to review the Veterans Court's determination that there was no breach of duty to assist).

We have considered the additional arguments presented in Anderson's informal appeal briefs but do not find them persuasive. Anderson raises neither a substantial constitutional issue nor other legal question. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.