NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE NEWCOMBE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1849

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-5393, Senior Judge William A. Moorman.

---

Decided: April 8, 2021

---

ADAM R. LUCK, Gloverluck, LLP, Dallas, TX, for claimant-appellant.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, ANDREW J. STEINBERG, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, LOURIE, and DYK, *Circuit Judges*.

PER CURIAM.

Eugene Newcombe appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the Board of Veterans' Appeals' ("Board") denial of service connection for left forefoot varus. We *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Newcombe served on active duty in the U.S. Army from August 1974 to August 1977 and from April 1978 to April 1995. In June 2013 and July 2014, Mr. Newcombe submitted claims for service connection for left forefoot varus[1] and flat feet. The regional office denied Mr. Newcombe's claims for those conditions, and Mr. Newcombe submitted Notices of Disagreement with the regional office's decisions. On February 27, 2015, the regional office continued its denial for left forefoot varus. Mr. Newcombe appealed that denial to the Board in April 2015.

_____

[1]    In the proceedings before the regional office, Board, and Veterans Court, Mr. Newcombe and the VA referred to the condition for the claim on appeal as "left foot joint damage," "joint damage to the left foot," "left forefoot varus," and "left forefoot varus valgus" interchangeably. For consistency, we refer to the condition for the claim on appeal as left forefoot varus.

"Varus" describes "an abnormal position in which a part of a limb is turned inward toward the midline." *Varus*, *Mosby's Medical Dictionary* (10th ed. 2017).

Meanwhile, with respect to Mr. Newcombe's claim for service connection for flat feet, the regional office requested an examination for various conditions, including "Foot Conditions including Flatfoot (pes planus)." J.A. 59–61. The examination was conducted on June 8, 2015. The examiner diagnosed Mr. Newcombe with flat feet, hallux valgus,[2] and a formerly fractured 5th right metatarsal. As the Veterans Court determined, "[t]he examiner reported that there was no 'marked varus deformity,' and no 'foot [injuries] or other foot conditions not already described.'" *Id.* at 3 (quoting *id.* at 70). The regional office granted Mr. Newcombe's claim for service connection for flat feet on appeal on August 3, 2015, and there is no issue on appeal with respect to service connection for flat feet.

On September 13, 2018, the Board denied Mr. Newcombe's claim for left forefoot varus. The Board found that "a preponderance of the evidence [was] against finding that [Mr. Newcombe] currently has, or has had since he filed his claim, the specific condition of forefoot varus." J.A. 115. The Board noted that "[l]eft forefoot varus was . . . not diagnosed on VA examination in June 2015," and while other medical treatment records indicated previous diagnoses for left forefoot varus, they did not indicate a current diagnosis for that condition. *Id.* at 114–15; *see also id.* at 70.

Mr. Newcombe appealed the Board's decision denying service connection for left forefoot varus to the Veterans Court. The Veterans Court affirmed.[3]

---

[2] "Hallux valgus" is a "deformity in which the great toe is angled away from the midline of the body towards other toes." *Hallux valgus*, *Mosby's Medical Dictionary* (10th ed. 2017).

[3] Mr. Newcombe appealed other claims to the Veterans Court that are not at issue here.

Mr. Newcombe appeals.

### DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Under the duty to assist, "[t]he Secretary [of the VA] shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." 38 U.S.C. § 5103A(a)(1). "In the case of a claim for disability compensation, the assistance provided by the Secretary . . . shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim." *Id.* § 5103A(d)(1). In the absence of an interpretation of statute or regulation, whether the VA has satisfied its duty to assist in a particular case is generally a question of fact, *see DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008), or of application of law to fact, *see Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999).

Mr. Newcombe argues that the Board erred under 38 U.S.C. § 7104(a) by not considering the duty to assist under 38 U.S.C. § 5103A. Section 7104(a) provides, in relevant part, that "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." 38 U.S.C. § 7104(a).

Essentially, Mr. Newcombe argues that the VA was obligated to provide a medical examination for his left forefoot varus. Mr. Newcombe argues that "the 2015 VA examination did not address his forefoot varus," and therefore, the duty to assist required the VA to provide another examination. Appellant's Reply Br. 3–5 (emphasis omitted).

The Board had found that "[l]eft forefoot varus was . . . not diagnosed on VA examination in June 2015." J.A. 115. The Veterans Court affirmed and rejected Mr. Newcombe's arguments that the examination was inadequate. The Veterans Court determined that "the examiner specifically found that there was no 'marked varus deformity,' and no 'foot [injuries] or other foot conditions not already described.'" *Id.* at 5–6 (quoting *id.* at 70). Whatever the merits of Mr. Newcombe's argument about the meaning of the examination report, Mr. Newcombe's argument is a challenge to a factual determination that the VA satisfied its duty to assist, which we have no jurisdiction over. *See* 38 U.S.C. § 7292(d)(2).

Mr. Newcombe also contends that the Veterans Court improperly interpreted 38 U.S.C. § 5103A to mean that "an examination is only required to be provided when there is . . . medical evidence of a diagnosis." Appellant's Br. 12. The Veterans Court did not interpret § 5103A in such a way.

Mr. Newcombe further argues that the Veterans Court made impermissible findings of fact and should have remanded the case to the Board to consider the application of § 5103A in the first instance. It is true that "appellate tribunals [such as the Veterans Court] are not appropriate fora for initial fact finding." *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000). Here, the Veterans Court did not make fact findings in the first instance.

CONCLUSION

Mr. Newcombe's arguments are challenges to factual determinations by the Board and the Veterans Court. Because we have no jurisdiction over those challenges, we dismiss this case.

**DISMISSED**

COSTS

No costs.