NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEROME L. GERMANY,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1089

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6131, Chief Judge Margaret C. Bartley, Judge William S. Greenberg, Senior Judge William P. Greene, Jr.

---

Decided:  October 19, 2021

---

JEROME L. GERMANY, Cedar Hill, TX, pro se.

SARAH E. KRAMER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, DEREK SCADDEN, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Jerome J. Germany appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the Board of Veterans' Appeals ("Board") decision denying an earlier effective date for service-connected compensation for post-traumatic stress disorder ("PTSD"). We *affirm*.

BACKGROUND

Mr. Germany served on active duty in the U.S. Navy from November 1988 to September 1992. In April 2008, Mr. Germany filed a claim with the Department of Veterans Affairs ("VA") for service-connected disability compensation for fatigue and breathing problems (the "2008 Claim"). Despite repeated requests from the VA regional office ("RO"), Mr. Germany did not provide the VA with any information about the disabilities claimed, including when symptoms began, dates of any treatment, or identifying information for treatment providers. Mr. Germany later authorized the RO to obtain his medical records but again failed to provide any information upon which the VA could locate the relevant medical records. In December 2009, the VA denied Mr. Germany's claim.

In October 2016, Mr. Germany was diagnosed with PTSD. A month later, Mr. Germany filed a new claim, this time seeking service connection for PTSD/chronic adjustment, depression, and anxiety (the "2016 Claim"). In connection with processing the 2016 Claim, the RO obtained Mr. Germany's mental health records, which reflected that, after a May 2008 VA mental health screening, Mr. Germany tested positive for depression and negative for PTSD.

In July 2017, the RO granted Mr. Germany's request for service connection for PTSD and assigned a 50 percent disability rating effective November 2016.

Mr. Germany challenged the November 2016 effective date before the Board, arguing that the VA was constructively made aware of his PTSD disability by his 2008 Claim, and that awareness should serve as an informal claim, justifying an earlier effective date.[1] The Board denied Mr. Germany's claim of entitlement to an earlier effective date, and the Veterans Court affirmed.

Mr. Germany now appeals to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(d)(1).

## DISCUSSION

Mr. Germany appears to argue that because support for his PTSD claim can be found in the 2008 medical records, *i.e.*, his diagnosis of depression, his 2008 Claim should be considered an informal claim for PTSD. Under the applicable version of 38 C.F.R. § 3.155(a),[2] "any communication can qualify as an informal claim if it: (1) is in writing; (2) indicates an intent to apply for veterans' benefits; and (3) identifies the particular benefits sought." *Shea v. Wilkie*, 926 F.3d 1362, 1367 (Fed. Cir. 2019) (internal quotation marks omitted). A "[v]eteran need not refer explicitly to the name of an illness, injury, or condition" on his claim form. *Sellers v. Wilkie*, 965 F.3d 1328, 1335 (Fed.

---

[1] Mr. Germany also appealed his initial rating of 50 percent for his service-connected PTSD, which the Board remanded to the RO. That issue is not relevant to the present appeal.

[2] In 2015, the VA implemented a rule that claims for disability benefits must be filed on a standard form and revised 38 C.F.R. § 3.155. *See Standard Claims and Appeals Forms*, 79 Fed. Reg. 57,660 (Sept. 25, 2014). Mr. Germany's alleged informal claim predates this change.

Cir. 2020).  A high level of generality will suffice, so long as the "benefit sought . . . can also be found indirectly through examination of evidence to which those documents themselves point when sympathetically read."  *Shea*, 926 F.3d at 1368 (internal quotation marks omitted).

Had Mr. Germany's mental health records been before the RO in the first instance in evaluating his 2008 Claim, that might have been sufficient to qualify as an informal claim for PTSD.  *See id.* at 1370.  In *Shea*, we held that the VA erred by not construing the veteran's claim to cover psychiatric conditions referenced in her medical records but not explicitly listed on her claim form.  *Id.*  However, unlike Mr. Germany, the veteran in *Shea* included in her prior application for benefits information as to the relevant records, specifying "treatment by specific physicians at specific facilities during specific periods."  *Id.* at 1369.  Here, despite the repeated efforts of the RO to obtain information from Mr. Germany that could help locate his medical records, he failed to provide it.  We therefore agree with the Veterans Court that "the Board was not required to anticipate an informal claim for PTSD that was not reasonably raised by the record or reasonably encompassed within the 2008 claim for breathing problems and fatigue."  S.A. 6.

Mr. Germany also argues that the VA violated its duty to assist under 38 U.S.C. § 5103A(c)(1)(B).  The question whether Mr. Germany provided enough information with his 2008 Claim "to identify and locate the existing records," "the approximate time frame covered by the records," and "the condition for which treatment was provided," 38 C.F.R. § 3.159(c)(3), such that it would trigger the Secretary's duty to assist, is a factual question outside of this court's jurisdiction, *see Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999).

## CONCLUSION

We have considered the remainder of Mr. Germany's claims, including his claims that the Veterans Court

decision implicates his due process rights and that it was improper for the Veterans Court to decide his case with a single-judge panel, and find they are without merit. Accordingly, we affirm the decision of the Veterans Court.

### AFFIRMED

#### COSTS

No costs.