NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KURT F. KAPPEN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2020-2119

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3484, Chief Judge Michael P. Allen.

_____

Decided:  October 8, 2025

_____

BRUCE W. EBERT, Law Office of Dr. Bruce W. Ebert, Roseville, CA, for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––

Before MOORE, *Chief Judge*, PROST, and TARANTO, *Circuit Judges*.

PER CURIAM.

In 2019, the United States Court of Appeals for Veterans Claims (Veterans Court) rejected all the grounds on which veteran Kurt Kappen challenged a 2018 decision by the Board of Veterans' Appeals (Board) adjudicating certain claims he presented for disability benefits. *Kappen v. Wilkie*, No. 18-3484, 2019 WL 3949462 (Vet. App. Aug. 22, 2019) (*2019 CAVC Decision*). Ms. Noelle Kappen, who is Mr. Kappen's surviving spouse, appeals the Veterans Court's ruling, pressing her deceased husband's claim for accrued disability benefits. Ms. Kappen presents several challenges to the Veterans Court's decision. We conclude that we lack jurisdiction in part and otherwise affirm.

I

Mr. Kurt F. Kappen served on active duty in the United States Air Force from September 12, 1991, to September 30, 2011. On October 25, 2011, he filed with the United States Department of Veterans Affairs (VA) an informal claim for disability benefits. J.A. 247. As relevant here, his follow-up formal claim, filed the next summer, specified a low-back condition as a basis for such benefits. J.A. 248. In December 2012, the relevant VA regional office found the asserted back condition to be service-connected and assigned it a ten percent disability rating effective October 2011. J.A. 247 (application date), 254–55. In October 2014, the regional office granted Mr. Kappen a 100 percent temporary convalescent rating for his low-back condition effective May 2014 to July 2014. J.A. 105. And in August 2015, the regional office increased Mr. Kappen's low-back rating to forty percent retroactively to June 2, 2015. J.A. 259–62.

Mr. Kappen appealed to the Board, and on June 13, 2017, the Board remanded the matter, as relevant here. J.A. 263–66. The Board directed the regional office to evaluate the appropriate rating for Mr. Kappen's low-back condition for the period of October 2011 to June 2015 (excluding the convalescent period). J.A. 263–65. In February 2018, the regional office declined to increase Mr. Kappen's ten percent low-back disability rating for that period. J.A. 275.

Contemporaneously with the above proceedings, Mr. Kappen sought disability benefits for cirrhosis of the liver. On January 3, 2014, the regional office granted him a forty percent disability rating for liver cirrhosis effective January 8, 2013. J.A. 278. In August 2015, the regional office increased Mr. Kappen's cirrhosis disability rating to 100 percent effective June 2, 2015. J.A. 259. Mr. Kappen appealed, and on September 28, 2016, the Board declined to assign an effective date earlier than January 2013 for Mr. Kappen's cirrhosis disability benefits. J.A. 22, 37. But the Board remanded the matter to the regional office for consideration of the appropriate rating for liver cirrhosis for the period January 2013 to June 2015. J.A. 37.

On November 1, 2016, the regional office declined to increase the cirrhosis rating for that period, maintaining the rating at forty percent. J.A. 303. Mr. Kappen, on November 29, 2016, filed an appeal to the Board on VA Form 9 ("Appeal to Board of Veterans' Appeals"). J.A. 42–45. The Board, in its June 13, 2017 ruling, remanded to the regional office for further consideration of the rating for January 2013 to June 2015. J.A. 263–66. And in February 2018, the regional office again declined to increase above forty percent Mr. Kappen's cirrhosis rating for the period preceding June 2, 2015. J.A. 275. Mr. Kappen appealed to the Board.

On May 4, 2018, the Board addressed issues regarding both the low-back and liver-cirrhosis conditions. J.A. 66–77. The Board (1) declined to increase the assigned ten

percent rating for the back condition for the period from October 2011 to May 2013; (2) granted a rating increase from ten to twenty percent for the back condition from May 2013 to June 2015; and (3) granted a rating increase from forty to seventy percent for liver cirrhosis from January 2013 to June 1, 2015. J.A. 67. The Board denied an earlier effective date for the cirrhosis benefits because its September 2016 decision had denied a pre-2013 effective date and Mr. Kappen had not appealed that decision. J.A. 68. In its decision, the Board found that Mr. Kappen experienced pain associated with both conditions. J.A. 70, 74–76.

Mr. Kappen appealed to the Veterans Court, which in a single-judge decision, affirmed the Board's ruling on August 22, 2019. *2019 CAVC Decision*, at *1–4. Among the challenges rejected by the Veterans Court was Mr. Kappen's argument that the September 28, 2016 Board decision was not final—an argument that the Veterans Court struck because it was not presented until Mr. Kappen's reply brief. *2019 CAVC Decision*, at *3. In 2020, the Veterans Court's decision was adopted as a decision of a three-judge panel, J.A. 7–8, the judgment became final, J.A. 9, and Mr. Kappen timely appealed to this court under 38 U.S.C. § 7292.

## II

### A

On August 8, 2021, Mr. Kappen passed away while the present appeal was pending. It is undisputed that Mr. Kappen's widow, Ms. Kappen, has made the appropriate filing with VA under 38 U.S.C. § 5121 to obtain the accrued benefits owed to her deceased husband, and she has moved under Federal Circuit Rule 43(a)(1) to be substituted for Mr. Kappen as appellant in this court, without opposition from the Secretary. We grant the motion. *See Rodenhizer v. McDonough*, 124 F.4th 1339, 1344–45 (Fed. Cir. 2024).

## B

Ms. Kappen asserts that the Veterans Court erred in several respects. Our authority to review decisions of the Veterans Court is limited. We have jurisdiction to decide an appeal insofar as it presents a challenge to a decision by the Veterans Court regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. 38 U.S.C. § 7292(a), (d)(1). We lack jurisdiction to review a challenge to a factual determination or to the application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2). If we have jurisdiction, we must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1). We review legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

### 1

Ms. Kappen argues that Mr. Kappen was legally entitled to have his pain treated and rated as a distinct disability, separate from his low-back and liver-cirrhosis conditions. Appellant's Opening Br. at 5–11. She does not deny that the Board did take account of pain in its ratings, *see* J.A. 67, 69, 74, 259–62, as regulations contemplate, *see, e.g.*, 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.114 (Diagnostic Code 7345). She argues, however, that as a matter of law, pain had to be treated as a separate disability, relying for that assertion entirely on this Court's decision in *Saunders v. Wilkie*, 886 F.3d 1356 (Fed. Cir. 2018).

We see no reversible error in the Veterans Court's rejection of this contention. *2019 CAVC Decision*, at *1–2. In *Saunders*, we held that "pain *alone can serve* as a

functional impairment" for purposes of VA disability bene-
fit eligibility.  886 F.3d at 1363, 1368 (emphasis added).
We need not say whether *Saunders* might be expanded be-
yond the circumstance, present in that case, in which no
other condition causing the pain had been identified and
held to be service-connected.  Even viewing Ms. Kappen's
argument as broadening *Saunders* to require separate
treatment of pain as a disability whenever pain is "inde-
pendent" of other conditions, *see* Appellant's Opening Br.
at 11; J.A. 108 (argument to Veterans Court), we see no
basis for disturbing the Veterans Court's decision here.
The Veterans Court ruled that neither the argument nor
the premise of it was presented to the Board or revealed by
the record before the Board.  *2019 CAVC Decision*, at *1–2.
If we may review that determination at all, Ms. Kappen
has not shown error in it.  *See* J.A. 42–45 (November 2016
appeal to the Board on VA Form 9).  Relatedly, the Veter-
ans Court determined that, given the record, including the
Board's clear accounting for pain from the back and liver
conditions, Mr. Kappen was "essentially" asking for "dou-
ble[-]counting" of his pain for disability compensation,
which is barred by regulation.  *2019 CAVC Decision*, at *2
(citing 38 C.F.R. § 4.14).  We have no authority to review
that characterization of what the record shows, and we see
no error in the legal assertion that, on this record, there is
no legal entitlement, under *Saunders* or otherwise, to dou-
ble-counting pain for compensation purposes.

2

We dismiss the appeal insofar as Ms. Kappen asserts
error by the Veterans Court in rejecting challenges to the
Board decision regarding a liver-biopsy record from 2009
not obtained for the proceeding.  *See 2019 CAVC Decision*,
at *3.  Ms. Kappen asserts that the Veterans Court should
have found violations of the duty to assist under 38 U.S.C.
§ 5103A and of the duty to provide adequate reasons and
bases under 38 U.S.C. § 7104.  Appellant's Opening Br. at

27–38. We lack jurisdiction to review these assertions, which at most challenge applications of law to facts.

First, although Ms. Kappen declares that "the Veterans Court erred as a matter of law in requiring an impermissibly high threshold to trigger [ ] VA's duty to assist," she concedes that the Veterans Court applied the correct legal standard for evaluating compliance with the duty to assist—which is limited to "obtaining only *relevant* records." Appellant's Opening Br. at 29, 34 (citing *2019 CAVC Decision*, at \*3 (emphasis in original) (internal citations removed)); *see Golz v. Shinseki*, 590 F.3d 1317, 1320–21, 1323 (Fed. Cir. 2010). We see no legal error implicit in how the Veterans Court applied that standard. And the application of the relevance standard to a particular document is a matter outside our jurisdiction. *See, e.g.*, *Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999).

Second, we are similarly foreclosed from reviewing Ms. Kappen's claim that the Veterans Court erred by not finding that the Board provided insufficient reasons under 38 U.S.C. § 7104(d)(1) to support its decision that the 2009 liver biopsy report was irrelevant. *See* Appellant's Opening Br. at 31–33. In *Cook v. Principi*, we considered a similar assertion and dismissed the appeal for lack of jurisdiction in this court, concluding that "reviewing the Veterans Court's compliance with its jurisdictional statute, a seemingly legal question, . . . cannot be performed . . . without reviewing the application of the law to facts, a matter excluded from our jurisdiction by § 7292(d)(2)." 353 F.3d 937, 941 (Fed. Cir. 2003). We must dismiss Ms. Kappen's assertion in this case as well.

3

Ms. Kappen challenges the Veterans Court's decision to strike a portion of Mr. Kappen's reply brief in which he challenged the finality of the September 2016 Board decision—on which the Board, in its May 2018 decision, relied to deny an effective date for the cirrhosis benefits before

January 2013. *2019 CAVC Decision*, at \*3; J.A. 68. The Veterans Court ruled that Mr. Kappen failed to raise that no-finality challenge in his opening brief, where such a challenge had to be presented. *2019 CAVC Decision*, at \*3. We see no reversible error in that ruling by the Veterans Court.

Nowhere in Mr. Kappen's opening brief to the Veterans Court (filed by counsel) did he challenge the Board's May 2018 reliance, for denying a pre-2013 effective date, on the conclusion that the Board's September 2016 decision on the effective-date issue was final. *See* J.A. 108–21. The only issue within our jurisdiction to consider, therefore, is whether the Veterans Court lacked legal authority to hold that the challenge could not be presented for the first time in the reply brief. We see no legal error in that holding. It is well established that the Veterans Court possesses such authority, which is a familiar means by which appellate courts generally ensure orderly and fair practice. *Carbino v. West*, 168 F.3d 32, 34–35 (Fed. Cir. 1999). "The statutory language of [38 U.S.C.] § 7261 requiring legal issues to be decided by the [Veterans Court] 'when presented' and the compelling precedent that appellate courts should not consider an issue or argument raised for the first time in a reply brief" support the determination that the Veterans Court can "decline[ ] to consider [ ] untimely contentions." *Id.* at 35. We see nothing in Ms. Kappen's arguments, Appellant Opening Br. at 11–17, 24–27, 39–50, to call for a different conclusion here.

4

Ms. Kappen's final argument concerns the cirrhosis disability and involves 38 U.S.C. § 5110(b)(1), which allows disability compensation back to the day after the date of discharge or release from service if a claim is received within one year of the discharge or release date. Mr. Kappen completed his service in September 2011 and filed for benefits based on cirrhosis in January 2013, beyond the one-year period. In the Veterans Court, seeking to have

the benefits go back to September 2011, Mr. Kappen argued for tolling of the one-year filing clock of § 5110(b)(1) on the ground that Mr. Kappen "lacked competence from May 2012 through December 2012." *2019 CAVC Decision*, at *3. He made that argument even though he did file for disability benefits based on other conditions within the year following discharge/release, starting in October 2011 and into the summer of 2012. J.A. 247–48. The Veterans Court rejected the request for equitable tolling as legally unavailable. *2019 CAVC Decision*, at *3.

In 2023, the Supreme Court held that equitable tolling is indeed unavailable. *Arellano v. McDonough*, 598 U.S. 1, 14 (2023) (concluding that the "text and structure [of 38 U.S.C. § 5110(b)(1)] [ ] foreclose equitable tolling"). Ms. Kappen now argues that the Due Process Clause of the Fifth Amendment nevertheless compels tolling of the one-year filing clock of section 5110(b)(1). Appellant's Opening Br. at 50–56. We see no substantial basis for this constitutional assertion. The argument is not based on any affirmative government interference with a potential claimant's filing within the statutory period, but only on circumstances involving the familiar "possibility that disability [itself] could cause delay" in filing—a possibility that Congress contemplated but did not incorporate as an exception in setting the one-year deadline in section 5110(b)(1). *Arellano*, 598 U.S. at 14; *compare Taylor v. McDonough*, 71 F.4th 909 (Fed. Cir. 2023) (en banc). Ms. Kappen has identified no authority for finding a constitutional violation in these circumstances.

## III

For the foregoing reasons, we dismiss Ms. Kappen's challenges to the Veterans Court's findings relating to the relevancy of the 2009 medical report and otherwise affirm the Veterans Court's 2019 decision.

The parties shall bear their own costs.

**AFFIRMED IN PART AND DISMISSED IN PART**