NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7049

CARLOS J. RUIZ-ROJAS, JR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Carlos J. Ruiz-Rojas, Jr., of Miami, Florida, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.   Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2009-7049

CARLOS J. RUIZ-ROJAS, JR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-3590, Judge Alan G. Lance, Sr.

_____

DECIDED: July 9, 2009

_____

Before NEWMAN, MAYER, and PROST, Circuit Judges.

PER CURIAM.

Mr. Ruiz-Rojas appeals the September 16, 2008 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") upholding the Board of Veterans' Appeals's ("Board") decision denying his claim for service connection. Because Mr. Ruiz-Rojas does not raise any matters that are within our jurisdiction, we must dismiss his appeal.

## I. BACKGROUND

Mr. Ruiz-Rojas served on active duty in the United States Army from November 1962 to May 1963. In 1989, Mr. Ruiz-Rojas filed a claim for service connection for a "[t]umor on the spine." Shortly thereafter, a Department of Veterans Affairs ("VA")

Regional Office ("RO") found that a variety of Mr. Ruiz-Rojas's conditions, including "residuals, intramedullary ependymoma" and "residuals, sebaceous cyst, upper back," were not service connected. Mr. Ruiz-Rojas appealed and in 1997 the Board continued the denial of service connection. Subsequently, Mr. Ruiz-Rojas submitted a statement to the VA alleging that he and other soldiers had been exposed to Agent Orange as part of military tests. He alleged that this exposure resulted in various medical conditions including "Cancer of the Breast[,] Ependimoma [sic] of the Spine[,] Cyst of the liver[, and] Cholesterol and cysts."

After several years of proceedings, the Board issued the decision at issue in this appeal, which denied Mr. Ruiz-Rojas's claim for service connection for multiple cysts of the right kidney, liver, and skin. On appeal to the Veterans Court, Mr. Ruiz-Rojas argued that the VA failed to conduct an adequate medical examination and that the Board's statement of reasons and bases was inadequate. The Veterans Court concluded that the VA's medical examination was proper and, although the Board erred by failing to address Mr. Ruiz-Rojas's lay evidence of his in-service exposure to Agent Orange, that error was harmless because even if exposure were assumed, the evidence failed to establish an etiological nexus between the exposure and Mr. Ruiz-Rojas's condition.

## II. DISCUSSION

This court's jurisdiction over appeals from the Veterans Court is strictly limited by statute. Under 38 U.S.C. § 7292(a), we have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a

determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." However, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Ruiz-Rojas's appeal in this case does not raise any issues within our jurisdiction. His appeal focuses on the VA's alleged failure to satisfy its duty to assist. Specifically, he asserts that the VA was obligated to obtain "the results of [his] first operation" and the roster of soldiers who took part in the Agent Orange test. However, reviewing this allegation would entail applying the law governing the VA's duty to assist to the facts of Mr. Ruiz-Rojas's particular case. For example, we would need to review the Board's conclusion that "all relevant facts ha[d] been properly developed in regard to [Mr. Ruiz-Rojas's] claim," J.A. 19, and determine whether the "results of [the] first operation" and the roster were "necessary to substantiate [Mr. Ruiz-Rojas's] claim," 38 U.S.C. § 5103A(a)(1). Section 7292(d)(2) expressly prohibits us from engaging in this type of review.

## III. CONCLUSION

Because this court does not have jurisdiction over any matter that Mr. Ruiz-Rojas raises, we must dismiss his appeal.

## COSTS

Each party shall bear its own costs.