NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RENE FLORES,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7092

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1228, Judge Alan G. Lance, Sr.

---

Decided: December 9, 2014

---

RENE FLORES, of Huntsville, Texas, pro se.

RYAN M. MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Acting Assistant General Counsel, and RACHAEL T. BRANT,

Attorney, Office of General Counsel, United States De-
partment of Veterans Affairs, of Washington, DC.    Of
counsel was MEGHAN ALPHONSO, Attorney.

———————————

Before PROST, *Chief Judge,* NEWMAN and TARANTO, *Cir-
cuit Judges.*

PER CURIAM.

Appellant Rene Flores appeals a memorandum deci-
sion of the United States Court of Appeals for Veterans
Claims ("Veterans Court"), which affirmed a Board of
Veterans' Appeals ("Board") decision denying Mr. Flores's
application to reopen his claim.    *See* J.A. 5–7 (Veterans
Court decision); J.A. 9–23 (Board decision).    On appeal,
Mr. Flores argues that the Department of Veterans Af-
fairs ("VA") has not produced certain medical records that
Mr. Flores contends exist and are missing from the rec-
ord.[1]    Appellee Secretary of Veterans Affairs responds
that this court lacks jurisdiction over Mr. Flores's appeal.
In the alternative, the Secretary argues that the Veterans
Court and Board both properly found that the record
contradicts Mr. Flores's assertions that any medical
records are missing.    We agree with the Secretary on the

———————————

[1]    Mr. Flores filed two briefs in this case.    *See* Infor-
mal Brief of Appellant, ECF No. 5; Claiment-Appellant
[sic] Corrected Informal Brief, ECF No. 26.    Before Mr.
Flores filed his corrected brief, the court denied as moot
Mr. Flores's motion to file a corrected brief because the
court had already accepted his initial brief.    *See* ECF No.
25.    However, because Mr. Flores is pro se and his confu-
sion likely stemmed from the court's rejection of the
Secretary's initial brief, the court has considered Mr.
Flores's Corrected Informal Brief, which presents the
same arguments as his initial brief.

question of jurisdiction and dismiss Mr. Flores's appeal for lack of jurisdiction.

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(d).

The Veterans Court did not interpret or decide the validity of a statute or regulation in rendering its decision, a fact that Mr. Flores concedes. *See* Appellant's Br., item 2 (checking the "No" box in response to "[d]id the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?"). Mr. Flores also rightly admits that the Veterans Court did not decide a constitutional issue. *See id.* item 3 (checking the "No" box in response to "[d]id the Court of Appeals for Veterans Claims decide constitutional issues?"). At most, Mr. Flores argues that the Veterans Court misapplied 38 U.S.C. § 5108, which requires the VA to reopen a claim if new, material evidence is presented.

Finally, the Veterans Court concluded that the VA satisfied its duty to assist Mr. Flores in obtaining the relevant records. This is also an issue over which we do not have jurisdiction, as it is not a question of constitutional or statutory interpretation. *See Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999); 38 U.S.C. § 7292(d). Thus, although Mr. Flores remains concerned that certain records are missing, the Veterans Court was the last court that could consider that issue.

Accordingly, we lack jurisdiction over Mr. Flores's appeal, and his case is dismissed. 38 U.S.C. § 7292(d).

**DISMISSED**

Costs

Each party shall bear its own costs.