NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MACAK,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7011

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2418, Judge William A. Moorman.

---

Decided: February 10, 2015

---

ROBERT J. MACAK, Kankakee, IL, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; and Y. KEN LEE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before WALLACH, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Robert Macak appeals the August 29, 2014, decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") "denying entitlement to initial disability ratings in excess of twenty percent each for cervical degenerative arthritis; frozen left shoulder secondary to cervical degenerative arthritis; and frozen right (major) shoulder also secondary to cervical degenerative arthritis beginning November 18, 2003." *Macak v. McDonald*, No. 13-2418 (Vet. App. Aug. 29, 2014) (Resp't's App. 8–16) ("Decision"). Because Mr. Macak only presents questions of fact and the Veterans Court's decision was not based on an interpretation of a statute or regulation, this court lacks jurisdiction to address his appeal.

BACKGROUND

I.

Mr. Macak served on active duty in the United States Army from 1983 to 1986. In October 1991, Mr. Macak filed a claim of entitlement to service-connected benefits for disabilities of the neck, spine, right hand, and right arm caused by a truck accident during his service in Germany in 1985. In May 1993, a Veterans Affairs ("VA") regional office ("RO") denied Mr. Macak's claims and classified them as arthritis of the neck, spine, right arm, and hand. Mr. Macak subsequently filed a Notice of Disagreement ("NOD") and appealed the RO's decision to the Board.

In March 1999, the Board issued a decision denying Mr. Macak's entitlement to service-connected benefits for "arthritis of multiple joints, including the spine, right hand and right arm." Decision, at 2 (internal citation and quotation omitted). Mr. Macak appealed the decision to the Veterans Court, which vacated the Board's decision and remanded the claims.

In September 2001, "the Board remanded Mr. Macak's claim for further development." *Id.* (citation omitted). The VA subsequently obtained an October 2001 VA treatment record that explained "Mr. Macak's right and left shoulders had 'restriction of movement up to halfway on flexion and abduction.'" *Id.* (internal citation and quotation omitted). Upon undergoing VA medical examinations of the spine and joints in November 2003, Mr. Macak was "diagnosed with 'frozen shoulders both sides.'" *Id.* (internal citation and quotation omitted). A January 2004 MRI of Mr. Macak's spine indicated that it exhibited a "normal alignment subsequent to his discectomy with 'moderate spinal stenosis noted at C6-7.'"[1] *Id.*

In March 2004, the RO granted Mr. Macak entitlement to service connection for cervical spondylosis[2] of the spine, assigning a ten percent disability rating effective October 4, 1991, and a twenty percent disability

---

[1] C6 (6th Cervical Vertebra) is the sixth of seven cervical vertebrae in the neck, supporting the head and providing articulation of the head and neck above the thoracic vertebrae and the other caudal vertebrae of the spinal column.

[2] Cervical spondylosis is a degenerative joint disease affecting the cervical vertebrae, intervertebral disks, and surrounding ligaments and connective tissue, sometimes with pain or paresthesia radiating along the upper limbs as a result of pressure on the nerve roots.

rating effective November 1, 2003. *Id.* Following this decision, in April 2004, Mr. Macak again submitted a NOD. *Id.*

In April 2005, pursuant to 38 C.F.R . § 4.30, "the RO issued a rating decision granting a temporary 100% convalescent rating, effective April 16, 1992, to August 31, 1992, as a result of 'surgical treatment' for a spine disability."[3] *Id.* at 2–3. In addition, the RO granted a

---

[3]  38 C.F.R. § 4.30) states:

A total disability rating (100 percent) will be assigned without regard to other provisions of the rating schedule when it is established by report at hospital discharge (regular discharge or release to non-bed care) or outpatient release that entitlement is warranted under paragraph (a)(1), (2) or (3) of this section effective the date of hospital admission or outpatient treatment and continuing for a period of 1, 2, or 3 months from the first day of the month following such hospital discharge or outpatient release. The termination of these total ratings will not be subject to § 3.105(e) of this chapter. Such total rating will be followed by appropriate schedular evaluations. When the evidence is inadequate to assign a schedular evaluation, a physical examination will be scheduled and considered prior to the termination of a total rating under this section.

(a) Total ratings will be assigned under this section if treatment of a service-connected disability resulted in:

twenty percent disability rating for cervical degenerative arthritis effective September 1, 1992. *Id*. at 3. Finally, the RO assigned a ten percent disability rating for quadriparesis[4] of the left upper extremity, right lower extremity and left lower extremity, effective October 4, 1991.

After the RO's rating decision, Mr. Macak submitted a statement of disagreement concerning the effective dates and disability ratings assigned. *Id*. at 3. The RO interpreted this as a substantive appeal of Mr. Macak's March 2004 rating decision. In October 2007, the Board issued a decision denying higher initial disability ratings for cervical spine spondylosis and for left and right frozen shoulders, and remanded several issues to the regional office for a Statement of the Case. *Id*. Mr. Macak subsequently appealed this decision to the Veterans Court.

In April 2009, the parties entered into a joint motion to vacate the Board's decision regarding the Board's denial of Mr. Macak's claims for increased initial disability ratings in excess of twenty percent for cervical spine spondylosis and frozen left and right shoulder. *Id*. The Veterans Court granted the parties' motion in May 2009.

On remand, in February 2010 the Board remanded the issues that were the subject of the joint motion—Mr. Macak's entitlement to increased initial ratings for cervical spine spondylosis and for left and right frozen shoulders. *Id*. Subsequently, in May 2010, "Mr. Macak

---

(1) Surgery necessitating at least one month of convalescence (Effective as to outpatient surgery March 1, 1989.).

[4] Quadriparesis, also called tetraparesis, is a muscular weakness affecting all four limbs.

underwent a VA medical examination for cervical degenerative arthritis and bilateral frozen shoulders." *Id.* at 4. After the examination, the RO issued a supplemental statement of the case ("SSOC"). However, in November 2010, the Board again remanded the issues on appeal for additional development. In December 2010, the RO issued another SSOC.

In April 2013, the Board denied Mr. Macak's claims for entitlement to disability ratings in excess of twenty percent for both cervical degenerative arthritis and a frozen left shoulder.[5] The Board found nothing in the record to indicate Mr. Macak's pain was beyond what was contemplated by the diagnostic criteria used for rating Mr. Macak's spine disability.

The Board awarded a thirty percent disability rating prior to November 18, 2013, for Mr. Macak's frozen right shoulder. However, it denied entitlement to a rating in excess of twenty percent after November 18, 2013. Mr. Macak subsequently appealed the Board's decision to the Veterans Court.

## II.

On appeal to the Veterans Court, the court concluded Mr. Macak "failed to demonstrate that the Board clearly erred in denying entitlement to higher initial disability evaluations for cervical degenerative arthritis and frozen bilateral shoulders." Decision, at 8. The court found the

---

[5] The Board found Mr. Macak's frozen left shoulder did not warrant a disability rating greater than twenty percent because a May 2010 examination noted his range of motion was pain free on forward flexion and abduction to sixty degrees, which is greater than the range of motion that warrants a rating in excess of twenty percent.

Board's selection of a diagnostic code[6] was not arbitrary, capricious or an abuse of discretion. Finally, the court concluded the Board "provided a statement of reasons or bases for its decision adequate to enable [Mr. Macak] to understand the precise basis for the Board's decision." *Id.*

On September 4, 2014, Mr. Macak filed a motion to the Veterans Court for single judge reconsideration, and asked for oral argument. On September 26, 2014, the court denied Mr. Macak's motion, stating it had "previously considered the matter and [] declined to set oral argument following careful consideration of the law and the Court's Rules of Practice and Procedure." *Macak v. McDonald*, No. 13-2418 (Vet. App. Sep. 26, 2014) (Resp't's App. 4–5) ("Order"). The court found the Board's August 29, 2014 decision did not overlook or misunderstand any points of law or fact. The court entered judgment on October 17, 2014. Mr. Macak appeals to this court.

DISCUSSION

I.   This Court Lacks Jurisdiction to Address Mr. Macak's Claims

This court's jurisdiction to review Veterans Court decisions is limited by statute. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Therefore, this court decides "all relevant questions of law" and sets aside any regulation or interpretation of the Veterans Court that is "(A) arbitrary, capricious, an abuse

---

[6] Diagnostic coding is the translation of written descriptions of disease, disorders, illness and injuries into codes from a particular classification.

of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id*. § 7292(d)(1).

This court reviews the Veterans Court's legal determinations de novo. *Rodriguez v. Peake*, 511 F.3d 1147, 1152 (Fed. Cir. 2008). The "Veterans Court's legal determinations regarding the validity of a law or any interpretation thereof" is reviewed without deference. *Id*. However, this court is expressly prohibited from reviewing factual findings or applications of law to fact that do not present a constitutional issue. 38 U.S.C. § 7292(d)(2) (stating absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case").

In his appeal, Mr. Macak does not argue the Veterans Court erred in its interpretation of any statute or regulation in denying his appeal. Additionally, Mr. Macak does not present any constitutional issues. Finally, the Veterans Court's decision was not based on the interpretation of any statute or regulation and it did not make a decision on a rule of law. Accordingly, this court does not possess jurisdiction over his arguments.

Mr. Macak first argues the court erred in failing to consider his motion for reconsideration. Specifically, Mr. Macak argues "[t]he court misinterpreted [his] dispute [] den[ying] clarification by oral argument." Pet'r's Br. 1. Second, Mr. Macak contends "he has repeatedly proved evidence was not only fabricated by doctors but crucial evidence was being omitted constantly by [the] VA." *Id*.

A court's decision to grant or deny oral argument is discretionary. "The district courts are entitled to make

rules limiting oral argument." *U.S. v. One 1974 Porsche 911-S Vehicle Identification No. 9114102550*, 682 F.2d 283 (1st Cir. 1982) (citation omitted); *cf. Goodbar v. Banner*, 599 F.2d 431 (Fed. Cir. 1979) (stating that where issues were clear and case was not complex, request for oral argument would be denied). The Veterans Court concluded that "Rule 35(e) of [its] Rules of Practice and Procedure requires that a motion for reconsideration state 'the points of law or fact that the party believes the Court has overlooked or misunderstood.'" Order at 1. According to the court, "[b]ased on a thorough review of the pleadings and the record on appeal, . . . the single judge memorandum decision did not overlook or misunderstand any points of law or fact." *Id.*

Here, Mr. Macak does not argue the Veterans Court misinterpreted any rule of law, regulation or statutory provision. To the extent Mr. Macak's appeal can be construed to challenge the Veterans Court's conclusion that his motion for single judge reconsideration did not raise any issues requiring the court to grant oral argument, he contests the Veterans Court's application of law to the facts of this case. However, because this court lacks jurisdiction to review "a challenge to a law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), it cannot address this issue.

As to Mr. Macak's contention regarding doctors' fabrication of his records and the VA's omission of evidence, the Veterans Court concluded Mr. Macak "failed to demonstrate that the 1983 and 1986 records—which, . . . predate the effective dates for the claims on appeal—are relevant." Decision, at 6. The court also determined that it did "not appear from the record that [Mr. Macak] adequately identified such records." *Id.* at 6–7. Here, Mr. Macak's claims solely raise issues of fact. Because his contentions constitute "a challenge to a factual

determination," this court does not have jurisdiction to entertain this issue. *See* 38 U.S.C. § 7292(d)(2).

Finally, Mr. Macak argues the VA failed to satisfy its duty to assist him in obtaining medical records. Specifically, he contends medical records obtained by the "Chicago regional office disappeared" and "not once did [the] Chicago Office answer to where [the] files went." Pet'r's Br. 1. Under 38 U.S.C. § 5103A(a)(1), "[t]he Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." However, the Board's determination of whether the VA satisfied its duty to assist is a finding of fact the Veterans Court reviews for clear error.[7] *See Nolen v. Gober*, 14 Vet. App. 183, 184 (2000) (stating the determination whether the duty to assist was complied with will involve making factual determinations); *see also Gilbert v. Derwinski*, 1 Vet. App. 49, 52 (1990). Here, similar to his previous argument, Mr. Macak's contention presents a pure question of fact. Thus, Mr. Macak's appeal is dismissed for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, the appeal is

**DISMISSED**

No costs.

---

[7] The Veterans Court determined the Board did not clearly err in concluding the Secretary satisfied his duty to assist the appellant in obtaining relevant records.