NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD M. O'CONNELL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2199

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-477, Judge Amanda L. Meredith.

---

Decided: February 8, 2024

---

RICHARD M. O'CONNELL, Farmington Hills, MI, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Richard M. O'Connell appeals a decision of the United States Court of Appeals for Veterans Claims (CAVC) affirming the decision of the Board of Veterans' Appeals (Board) denying a rating for gastroesophageal reflux disease (GERD) with Barrett's esophagus in excess of 30% for the period of May 12, 2016, to September 13, 2019. O'Connell does not appeal the CAVC's dismissal of his appeal to that court concerning the Board's denial of entitlement to an initial rating in excess of 10% prior to July 1, 2014, and in excess of 60% from July 1, 2014, to May 11, 2016, which the CAVC dismissed as abandoned. *See O'Connell v. McDonough*, 2023 WL 3143712, at *1, *4 (Vet. App. Apr. 28, 2023) ("CAVC Decision").

## BACKGROUND

### A. Service and Medical Background

O'Connell served in the United States Army from August 1969 to May 1971. *Id.* at *1. In October 2010, during a Department of Veteran's Affairs (VA) examination, O'Connell was diagnosed with GERD, which was later classified as "highly symptomatic" in an examination in July of 2014. *O'Connell*, No. 200826-106207, 2020 WL 9049581, slip op. at *1, *2–3 (B.V.A. Dec. 22, 2020) ("Board Decision"). During the July 2014 examination, the examiner noted that O'Connell suffered "symptoms productive of considerable impairment of health, persistently recurrent epigastric distress, dysphagia, reflux, regurgitation, nausea that occurs [four] or more times a year, vomiting that occurs [four] or more times a year, and hematemesis that occurs [two] times per year." *Id.* at *3. In May of 2016, O'Connell was hospitalized for mental health issues at a VA facility. *CAVC Decision*, 2023 WL 3143712, at *1.

From May to July of 2016, the VA medical records demonstrated that O'Connell "denied nausea, vomiting, abdominal pain, melena, hematochezia, or hematemesis" (May 12, 2016), reported "no abdominal pain, nausea, vomiting, constipation, diarrhea [and showed] no blood in stool or melena" (May 13, 2016), and "denied nausea, vomiting, diarrhea, constipation, and anorexia-weight loss" (July 2016). *Board Decision*, 2020 WL 9049581, at *3. Each of these records were created while O'Connell was being evaluated for psychiatric issues. *CAVC Decision*, 2023 WL 3143712, at *1. In August of 2016, O'Connell also "reported that his GERD was troublesome with eating, and that there was some occasional dysphagia." *Board Decision*, 2020 WL 9049581, at *3. Records from VA treatment from 2017 to 2019 "generally note that [O'Connell] continues to take medication for his reflux/heartburn, and that he occasionally experiences dysphagia" but "do not reflect complaints or findings of additional symptoms such as nausea, vomiting, pyrosis, heartburn, regurgitation, hematemesis, or melena and show [O'Connell] denied the presence of many of these symptoms during routine gastrointestinal evaluations." *Id.*

## B. Board Decision

In August of 2018, the Board granted O'Connell entitlement to disability compensation for GERD, with Barrett's esophagus, which resulted from medications taken to treat his service-connected psychiatric disability. *CAVC Decision*, 2023 WL 3143712, at *1. Then, "[i]n September 2019, the agency of original jurisdiction (AOJ) implemented the Board's decision and assigned a 10% [disability] rating, effective March 9, 2011, and a 30% rating, effective July 1, 2014." *Id.* In response, O'Connell filed a Decision Review Request: Board Appeal (Notice of Disagreement) to request that the Board "increase his disability rating for GERD from 30% to 60%." *Id.* The Board, on December 22, 2020, granted the 60% rating for the period from July 1, 2014, to May 11, 2016, but denied entitlement

to a rating above 10% prior to July 1, 2014, or a rating above 30% from May 12, 2016, to September 13, 2019. *Board Decision*, 2020 WL 9049581, at \*4.

### C. CAVC Decision

O'Connell appealed the Board's decision to the CAVC, which began by finding that, since O'Connell did not raise arguments regarding the Board's denial of entitlement to an initial rating in excess of 10% prior to July 1, 2014, or in excess of 60% from July 1, 2014, to May 11, 2016, appeal on those issues was abandoned. *CAVC Decision*, 2023 WL 3143712, at \*1. Thus, the issues on that appeal concerned only the period of May 12, 2016, to September 13, 2019. *Id.*

In that proceeding, O'Connell argued: (1) that "[t]he Board's decision to assign a lower, staged disability rating for May 13, 2016, to September 13, 2019, as compared to the preceding time period, should be reversed" because the lack of evidence on the record demonstrating an improvement in his condition made the decision clearly erroneous; and, alternatively, and (2) the Court should remand for reexamination of O'Connell's condition because the Board violated its duty to assist by "fail[ing] to order a new VA medical examination before reducing O'Connell's disability rating in view of three days of irrelevant medical records."[1] Appellant's CAVC Br. at 4. O'Connell first argued that the Board clearly erred in relying on the May 2016 medical records to establish that O'Connell's disability improved because the records were made by doctors specializing in treating psychiatric disorders and in conjunction with O'Connell's psychiatric episode, during which he was mentally incapacitated. Appellant's CAVC Br. at 8, 12. O'Connell then asserted that the Board's duty to assist requires

---

[1]    O'Connell only appeals to this court on the basis of his second argument that the Board violated its duty to assist.

that any doubt as to the degree of disability be resolved in favor of O'Connell, and that reasonable doubt existed even if the psychiatric records were properly considered by the Board "due to the extraordinary content of such medical records" and because "there is no other corroborating evidence that the Board relied on." Appellant's CAVC Br. at 12 (citing 38 C.F.R. § 4.3). According to O'Connell, since the record did not adequately demonstrate the current state of his disability, the Board was required to conduct a medical examination to fulfill its duty to assist and failed to do so before determining that the 60% rating would not continue for the period from May 12, 2016, to September 13, 2019. Appellant's CAVC Br. at 12 (citing *Goss v. Brown*, 9 Vet. App. 109, 114 (1996); 38 U.S.C. § 5103A(d)). O'Connell noted that reexamination is necessary "if it is likely that a disability has improved, or if evidence indicates there has been a material change in a disability or that the current rating may be incorrect." Appellant's CAVC Br. at 12 (quoting 38 C.F.R. § 3.327(a)). Since, according to O'Connell, there was insufficient medical evidence for the Board to determine that his condition improved, the Board's failure to order a new medical examination violated its duty to assist. Appellant's CAVC Br. at 12. The Secretary of Veterans' Affairs (Secretary) "generally dispute[d] [O'Connell's] arguments and urge[d] the [c]ourt to affirm." *CAVC Decision*, 2023 WL 3143712, at *2.

The CAVC began by rejecting O'Connell's first argument due to his flawed portrayal of the 30% rating as a "reduction" of the initial rating rather than as part of a "staged rating,"[2] before turning to his argument that the

---

[2]    Separate disability ratings for distinct periods of time, known as "staged ratings," may be assigned to different periods based on the facts found. *CAVC Decision*, 2023

Board violated its duty to assist. *Id.* at \*4. The CAVC then found that O'Connell did not demonstrate that the Board failed to meet its obligation under 38 C.F.R. § 3.327(a) to provide a reexamination and "that the evidence was too old or insufficient to demonstrate that his condition had improved." *Id.* The CAVC rejected his argument as missing the mark on several issues: "primarily, that this is not a rating reduction case; that [O'Connell] has not demonstrated that the Board relied solely on the May 2016 records, erred in affording those records probative value, or relied on the lack of evidence; and that the Board adequately explained why the evidence showed that a 30% rating was warranted." *Id.* Thus, the CAVC affirmed the Board's decision denying O'Connell's entitlement to a disability rating in excess of 30% from May 12, 2016, to September 13, 2019. *Id.* He now appeals that decision to this court.

## DISCUSSION

This court's jurisdiction over CAVC decisions is limited by statute to the review of questions of law—such as "challenge[s] to the validity of any statute or regulation or any interpretation thereof"—and thus, absent a constitutional issue, this court does not have jurisdiction to review "factual determinations" or applications of law to fact. 38 U.S.C. § 7292(c), (d)(2); *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). When the CAVC properly interprets a statute or regulation and the question remaining is

---

WL 314712, at \*2 (citing *Hart v. Mansfield*, 21 Vet. App. 505, 509 (2007)). Rating reduction procedures do not apply in the assignment of a staged rating if the rating is not reduced to a level below what was in effect before the claimant appealed to the Board. *Id.* at \*3 (citing *Fenderson v. West*, 12 Vet. App. 119, 126 (1999); *O'Connell v. Nicholson*, 21 Vet. App. 89, 94 (2007)).

whether the regulation was violated such that the Board committed clear and unmistakable error, that inquiry is "fact-based" and therefore "beyond [this court's] jurisdiction." *Glover v. West*, 185 F.3d 1328, 1332–33 (Fed. Cir. 1999).

The duty to assist, codified as 38 U.S.C. § 5103A, requires that VA "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by [VA]." 38 U.S.C. § 5103A. This includes "providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim" and can include a reexamination "if the prior examination no longer reflects the current state of the condition." 38 U.S.C. § 5103A(d); *Payne v. Wilkie*, 31 Vet. App. 373, 390 (2019). To trigger the reexamination duty, however, the claimant "'must come forward with at least some evidence that there has in fact been a material change in his or her disability' since the prior examination." *Payne*, 31 Vet. App. at 390 (quoting *Glover*, 185 F.3d at 1333).

O'Connell argues that the Board violated its duty to assist by relying solely and inappropriately on the May 2016 medical documents "to construct a new discrete time period during which [O'Connell's] condition allegedly improved," and that even if consideration of these documents was appropriate, it was insufficient to conclude that his "condition was no longer as 'severe and frequent' to justify sustained 60 percent rating." Appellant's Br. at 4. He contends that drawing this conclusion was a violation of 38 C.F.R. § 3.327(a), which obligates the Board to conduct reexaminations "if it is likely that a disability has improved, or if evidence indicates a material change in a disability or that the current rating may be incorrect." Appellant's Br. at 4–5 (quoting 38 C.F.R. § 3.327(a)). O'Connell argues that the May 2016 records were both insufficient and too old for the Board to properly draw its conclusion, and thus that to

fulfill its duty to assist it should have conducted a reexamination of his condition.  Appellant's Br. at 5.

The Secretary argues that the CAVC's "determination that VA fulfilled its duty to assist is a factual inquiry" that this court lacks jurisdiction to review, and thus this appeal should be dismissed.  Appellee's Br. at 8–9 (citing *Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007); *Glover*, 185 F.3d at 1333; *Lynch v. McDonough*, No. 2021-224, 2022 WL 726955, at *3 (Fed. Cir. Mar. 10, 2022); *Macak v. McDonald*, 598 F. App'x 776, 780 (Fed. Cir. 2015); *Flores v. McDonald*, 586 F. App'x 595, 596 (Fed. Cir. 2014); *Ruiz-Rojas v. Shinseki*, 341 F. App'x 619, 620 (Fed. Cir. 2009)). In the alternative, the Secretary argues this court should affirm because the CAVC did not err in finding that VA satisfied its duty to assist.  Appellee's Br. at 10.

We agree with the Secretary that this court does not have jurisdiction over the present case.  O'Connell does not contend that the CAVC incorrectly interpreted any statute or regulation relevant to this appeal; rather, his argument is that the Board failed to meet its duty to assist under the facts of the case because it relied on "irrelevant" examinations that took place in the context of psychiatric evaluations.  Appellant's Br. at 4.  O'Connell's argument is that (1) the Board improperly relied on the May 2016 medical documents that took place during psychiatric evaluations[3];

---

[3]    To the extent that O'Connell argues that it was improper as a matter of law for the Board to look to psychiatric evaluation records as evidence of his physical condition, O'Connell did not proffer any legal support that the use of evidence pertaining to a physical condition gathered during a psychiatric evaluation is insufficient to evaluate that physical condition under the regulations.  Before the CAVC, and before this court, "he [did] not cite any authority for the proposition that the Board may not assign

(2) the "extraordinary content" of those medical records creates reasonable doubt on the scope of the disability, which must be decided in O'Connell's favor; and (3) the Board relied only on those medical records and no other evidence, which was insufficient and too old for the Board to adequately conclude a disability rating of 30% for the period beginning May 12, 2016. Appellant's Br. at 4–5. The context, content, and sufficiency of the medical records from May 2016 at most constitute an application of law to facts, which is outside of this court's jurisdiction. *See Delisle v. McDonald*, 789 F.3d 1372, 1374 (Fed. Cir. 2015) (whether specific symptoms identified by a claimant warrant an increased disability rating is a question of fact); *Lynch*, 2022 WL 726955, at *2 (whether evidence is material is a finding of fact).

Further, as noted by the Secretary, determining compliance with section 5103A is a factual issue. *Garrison*, 494 F.3d at 1370 (holding that the Board's compliance with the notice portion of section 5103A is a factual inquiry); *Lynch*, 2022 WL 726955, at *3 ("'[The Board's] compliance with the

---

probative value to treatment records that were not generated for purposes of evaluating his GERD, nor d[id] he cite any evidence supporting his contentions that he was not competent to accurately report his symptoms in May 2016." *CAVC Decision*, 2023 WL 3143712, at *3. Thus, he did not make the argument that it was legally improper to consider this evidence.

In fact, CAVC case law suggests that considering mental health notes to evaluate a physical disability is not legally erroneous if the regulation or statute does not "explicitly require that a report of examination or hospitalization pertain solely or primarily to the service-connected disability for which an increased evaluation is being sought." *Johnson v. McDonald*, 2015 WL 367652, at *8 (Vet. App. Jan. 28, 2015).

["duty to assist" obligation] is outside our jurisdiction' because such an inquiry 'involves factual issues.'"). When "there is no claim that the Board was interpreting a statute" and no claim that "the Board [was] establishing a legal rule to be applied to similar fact situations in future cases," then the Board's decision is a result of "appl[ying] established law to the facts" and this Court does not have jurisdiction to review the CAVC's ruling on the Board's actions. *Garrison*, 494 F.3d at 1370. In this case, O'Connell does not contend that the Board misinterpreted sections 5103A or 3.327(a), nor does he claim the Board established any erroneous legal rule for future cases. Thus, O'Connell's appeal is based on the argument that the Board's decision resulted from a misapplication of established law to the facts of his case, and therefore, falls outside of this court's jurisdiction.

## CONCLUSION

Accordingly, we dismiss O'Connell's appeal from the judgement of the CAVC.

### DISMISSED

### COSTS

No costs.