# United States Court of Appeals
# for the Federal Circuit

---

**ERVIN N. DELISLE,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7084

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3113, Judge Alan G. Lance, Sr.

---

Decided: June 18, 2015

---

WILLIAM BARRETT RAICH, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for claimant-appellant. Also represented by RONALD LEE SMITH, KARA F. STOLL.

JAMES SWEET, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOYCE BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; DAVID J. BARRANS, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* LOURIE, *Circuit Judge*, and GILSTRAP, *District Judge.*[*]

GILSTRAP, *District Judge.*

Claimant-appellant Ervin N. Delisle appeals the decision of the United States Court of Appeals for Veterans Claims in *Delisle v. Shinseki*, No. 12-3113 (Vet. App. Feb. 26, 2014), denying appellant's application for an enhanced disability rating under 38 U.S.C. § 1110 and diagnostic code ("DC") 5257.[1]  For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Appellant Ervin N. Delisle served on active duty in the United States Army from 1952 to 1954.  During that time, Mr. Delisle injured his left knee in a ski accident. In the years following that injury, Mr. Delisle also began to experience chronic pain in his right knee, and, in 1978, the Department of Veterans Affairs Regional Office ("RO") granted Mr. Delisle's claim for entitlement to a service connection for his right-knee disorder.  The RO then assigned Mr. Delisle a 10 percent disability rating under DC 5003.[2]

---

[*]  Honorable Rodney Gilstrap, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

[1]  The various DCs referenced in this opinion are codified at 38 C.F.R. § 4.71a (2013).

[2]  The service-connection for Mr. Delisle's right-knee disability, and the 10 percent disability rating applied by the RO in 1978 are not in dispute and are not subject to this appeal.

Despite continued treatment, the condition of Mr. Delisle's right knee continued to deteriorate over time. On April 7, 2010, Mr. Delisle underwent a total right-knee replacement. Nine months prior to that procedure, on June 28, 2009, Mr. Delisle filed a claim seeking an increase to the 10 percent disability rating for his right knee.

The RO denied Mr. Delisle's claim for an increased rating. J.A. 265. However, while Mr. Delisle's appeal to the Board of Veterans Appeals ("Board") was pending, he underwent the total right-knee replacement discussed above. J.A. 191–95. As a result, the RO assigned Mr. Delisle a 100 percent disability rating for the period from April 7, 2010 to May 31, 2011, and assigned a 60 percent rating, along with a total disability rating based on individual employability for the period following May 31, 2011. On appeal to the Board, Mr. Delisle challenged only the RO's determination that he was not entitled to a disability rating of greater than 10 percent for the nine-month period from June 30, 2009 to April 6, 2010.

On June 28, 2010, the Board found that Mr. Delisle was not entitled to a disability rating of greater than 10 percent during the relevant time period. J.A. 14–23. Following a timely appeal, the Veterans Court affirmed the Board. J.A. 5–6.

Mr. Delisle now appeals to this court.

JURISDICTION AND STANDARD OF REVIEW

This court has limited jurisdiction to review decisions of the Veterans Court. Title 38, section 7292 of the United States Code authorizes us to decide "all relevant questions of law, including interpreting constitutional and statutory provisions." Further, this court reviews such questions of statutory or regulatory interpretation *de novo*. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). However, the statute further provides that, except

to the extent that an appeal presents a constitutional issue, the court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

## DISCUSSION

On appeal, Mr. Delisle argues that: (1) the plain language of DC 5257 unambiguously mandates that the regulation be interpreted as a "catch-all" intended to compensate veterans for disabilities of the knee not contemplated by other DCs; (2) Mr. Delisle suffered from symptoms falling outside the scope of the DCs concerning disabilities of the knee; and (3) the Board and the Veterans Court erred in interpreting DC 5257 as applying only to specific disabilities of the knee, specifically subluxation and lateral instability.

I.   This Court Lacks Jurisdiction to Review the Veterans Court's Application of the Law to the Facts.

In affirming the Board's denial of an increased disability rating for Mr. Delisle, the Veterans Court considered the specific symptoms identified by Mr. Delisle and concluded that the Board properly rated such symptoms under DCs other than 5257, including DC 5003.  J.A. 4.  The court further held that:

> [A]bsent a showing that [Mr. Delisle] suffers from any symptoms not contemplated by the DCs for the knee, and even assuming arguendo that DC 5257 could be applied as a "catch-all" provision, he has not demonstrated that the Board erred by failing to use DC 5257 in such a manner.

J.A. 5.

Even when an argument is "couched in terms of statutory interpretation," this court lacks jurisdiction where "the review [the appellant] requests ultimately reduces to

an application of the law to facts." *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003). In this case, the Veterans Court determined that Mr. Delisle's identified symptoms fall within established DCs (other than DC 5257). J.A. 4–5. The Veterans Court then concluded that even assuming DC 5257 could be read as a "catch-all," there was nothing in this case for it to catch. *Id.* This determination concerns questions of fact—or at least questions of the application of the law to the facts—which are beyond the jurisdiction of this court. 38 U.S.C. § 7292(d)(2).

## II. DC 5257 Is Not a "Catch-All"

Further, if the court were to reach the merits of Mr. Delisle's claim, he cannot prevail. DC 5257 states:

> Knee, other impairment of:
> Recurrent subluxation or lateral instability:
> Severe                          30
> Moderate                        20
> Slight                          10

38 C.F.R. § 4.71a (DC 5257).

Mr. Delisle argues that this portion of the regulation must be read as a catch-all, covering all disabilities of the knee not expressly contemplated by other DCs, regardless of whether or not such injuries result in a specific symptom or symptoms. To do otherwise, according to Mr. Delisle, would render the phrase "knee, other impairment of" a nullity. Appellant's Br. 5–6. Appellee responds, arguing that reading DC 5257 as a catch-all would rewrite the regulation and render meaningless the language pertaining to subluxation and lateral instability. Appellee's Br. 13–15.

Essentially, the parties dispute the proper canon of interpretation to apply in this case. Mr. Delisle invokes *ejusdem generis*, while the Appellee counters with *expressio unius est exclusio alterius*. However, in this case, the

court need not engage in a lengthy analysis of the parties' competing canons of construction.

DC 5257 is unambiguous; by its plain language, it provides compensation for veterans suffering from impairments of the knee, other than those enumerated elsewhere in the relevant regulations, that cause the symptoms of recurrent subluxation or lateral instability. Such a reading is consistent with the language of DC 5257, in that it gives meaning to both the title and the language specifically identifying the covered symptomology. Further, it is consistent with the remainder of the relevant regulations. For example, the regulations concerning injuries to the foot include the following:

| Foot injuries, other: | |
|---|---|
| Severe | 30 |
| Moderately severe | 20 |
| Moderate | 10 |

38 C.F.R. § 4.71a (DC 5284). Such language—which excludes any reference to specific symptoms—demonstrates that the Department of Veterans Affairs knew how to draft a catch-all, and chose not to create such in the case of DC 5257.

Mr. Delisle admits that he did not suffer from recurrent subluxation or lateral instability, as contemplated by DC 5257. Because the court is persuaded that DC 5257 is limited to establishing compensation for disabilities causing such specifically enumerated symptoms, Mr. Delisle is not entitled to an increased disability rating under said DC.

CONCLUSION

We find Mr. Delisle's remaining arguments lack merit. Further, and for the reasons stated above, this court concludes that it lacks requisite jurisdiction and consequently must dismiss this appeal.

## DISMISSED

COSTS

No costs.