NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RORY M. WALSH,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1584

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1445, Judge Coral Wong Pietsch.

---

Decided: July 13, 2016

---

RORY M. WALSH, York, PA, pro se.

CHRISTOPHER KEITH WIMBUSH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* SCHALL and CHEN, *Circuit Judges.*

PER CURIAM.

## DECISION

Rory M. Walsh appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Walsh v. McDonald*, No. 14-1445, 2015 WL 5092674 (Vet. App. Aug. 31, 2015), *adhered to on denial of reconsideration*, 2015 WL 6159120 (Vet. App. Oct. 20, 2015). In that decision, the Veterans Court affirmed the April 11, 2014 decision of the Board of Veterans Appeals ("Board") that (1) denied entitlement to an effective date prior to July 27, 2004, for a 30-percent disability rating for residuals of a left shoulder dislocation and degenerative joint disease of the left shoulder ("shoulder condition"); and that (2) dismissed a claim for entitlement to an effective date prior to July 27, 2004, for service connection for a left ankle strain ("ankle condition"), on the ground that, in a decision dated May 7, 2009, the Board had denied the claim and Mr. Walsh had not appealed. *Walsh*, 2015 WL 5092674 at \*1–2, 7. We *dismiss* for lack of jurisdiction.

## DISCUSSION

### I.

Mr. Walsh served on active duty in the United States Marine Corps from February of 1978 to November of 1993 and from January of 1996 to March of 1996. On November 30, 1993, he filed a claim for service connection for his shoulder and ankle conditions. On May 19, 1994, a Veterans Administration ("VA") regional office ("RO") granted service connection for the shoulder condition and assigned a noncompensable disability rating, effective from November 2, 1993, but denied service connection for the

ankle condition. Mr. Walsh did not appeal the May 19, 1994 decision, which therefore became final.

On July 27, 2004, Mr. Walsh asked the RO for an increased disability rating for his shoulder condition. He also asked the RO to reopen his claim for his ankle condition. In February of 2005, the RO increased the disability rating for Mr. Walsh's shoulder condition to 20 percent, effective from July 27, 2004, but continued to deny service connection for his ankle condition. Mr. Walsh filed a timely Notice of Disagreement, and the RO issued Statements of the Case ("SOCs") on January 25, 2006, and April 4, 2006, respectively. In an August 2008 decision, the RO granted Mr. Walsh an increased disability rating of 30 percent for his shoulder condition, effective from July 27, 2004, and granted him service connection for his ankle condition and assigned a disability rating of 20 percent, also effective from July 27, 2004. On May 7, 2009, the Board remanded to the RO the question of an earlier effective date for Mr. Walsh's shoulder condition because the RO had failed to issue an SOC on the point. At the same time, the Board denied Mr. Walsh's claim for an earlier effective date for his ankle condition.

Eventually, following the Board's 2009 decision (and subsequent proceedings before the RO, the Board, and the Veterans Court, which we need not recount), the Board issued its April 11, 2014 decision. Mr. Walsh appealed that decision to the Veterans Court, and on August 31, 2015, the court affirmed the Board's decision. The Veterans Court found that the Board had not erred in determining that Mr. Walsh was not entitled to service-connection effective dates prior to July 27, 2004, for his shoulder and ankle conditions. This appeal followed.

## II.

Our ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court

on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). For the reasons which follow, we hold that Mr. Walsh has failed to present any arguments that come within the scope of our jurisdiction.

## III.

First, the validity of a statute or regulation was not at issue in the Veterans Court, and the Veterans Court, in its decision, did not interpret any statute or regulation. An interpretation of a statute or regulation occurs when its meaning is elaborated upon by the court. *Graves v. Principi*, 294 F.3d 1350, 1355 (Fed. Cir. 2002) (citing *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc) (*superseded on other grounds by statute*, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832 (2002))). That did not occur in this case. Mr. Walsh argues, for example, that he never received a statement of his appellate rights (i.e., VA Form 4107) after the May 19, 1994 RO decision. But the Veterans Court, in affirming the Board's finding that he received such notice, did not rely upon an interpretation of a statute or regulation, and Mr. Walsh does not argue to the contrary.

Mr. Walsh does argue that his appeal presents a constitutional issue. He bases this argument mainly on the contention that the Veterans Court deprived him of his

rights under the confrontation clause of the Sixth Amendment by refusing to order the VA to produce what he refers to as various "falsified" medical records. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The proceedings before the VA and the Veterans Court did not involve a criminal prosecution, however. Therefore, the Sixth Amendment does not apply. *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'") (citing *United States v. Ward*, 448 U.S. 242, 248 (1980)). Beyond that, Mr. Walsh also makes allegations of misconduct against VA entities, VA officials, and members of the Veterans Court, and his briefing contains references to an alleged attempted murder. Although it is not clear, it appears that Mr. Walsh may be making these allegations in support of a claim that, in general, his constitutional rights have been violated. In any event, assuming Mr. Walsh's allegations could be viewed as supporting arguments that come within the scope of our jurisdiction, there is no support for them in the record. We therefore decline to consider them. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (explaining that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion") (internal quotations and citations omitted); *Schafer v. Dep't of Interior*, 88 F.3d 981, 989 (Fed. Cir. 1996) (quoting *Hagans*, 415 U.S. at 536–37). In sum, Mr. Walsh has failed to raise a valid constitutional issue.

Finally, putting aside the allegations we have just discussed, we have reviewed Mr. Walsh's opening brief and reply brief to determine whether, insofar as his

claims relating to his shoulder and ankle conditions are concerned, he has presented us with any arguments that we have jurisdiction to consider. We have been unable to find any such arguments. To the extent Mr. Walsh focuses on his shoulder and ankle conditions, his contentions all involve the application of law to the facts of the case. We thus lack jurisdiction to consider them. *Sullivan v. McDonald*, 815 F.3d 786, 789 (Fed. Cir. 2016) (explaining that "[w]e may not review factual determinations or application of law to fact"); *Delisle v. McDonald*, 789 F.3d 1372, 1374 (Fed. Cir. 2015) (same).

## CONCLUSION

Because, as explained, Mr. Walsh has failed to present any non-frivolous arguments which we have jurisdiction to consider, his appeal is dismissed.

## **DISMISSED**

### COSTS

Each party shall bear its own costs.