NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL R. REGIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1299

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3469, Judge Amanda L. Meredith.

---

Decided: April 16, 2024

---

MICHAEL R. REGIS, Sacramento, CA, pro se.

DANIEL BERTONI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Michael R. Regis appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board") decision to rate his service-connected bilateral-foot disability covered by diagnostic code 5276 at 30% for the effective period prior to May 11, 2015. Because this appeal does not present issues within our limited jurisdiction, we dismiss.

## BACKGROUND

Mr. Regis served honorably from 1983 to 2003. J.A. 20. At issue here is the Veterans Court's decision related to the following aspects of an April 19, 2021, Board decision: (1) the Board rated Mr. Regis's bilateral-foot disability under diagnostic code 5276 (flatfoot) at 30% for the effective period prior to May 11, 2015; (2) it denied separate ratings under diagnostic code 5284 (foot injuries, other) for the flatfoot, plantar fasciitis, and Morton's disease symptomology already rated under diagnostic code 5276; and (3) it instructed Mr. Regis to file either a VA Form 10182 or VA Form 9 to indicate which track he intended his "argument for an earlier effective date for the award of a total disability rating due to [unemployability] (TDIU)" to proceed on, but it did not adjudicate that claim. J.A. 22–23.[1]

---

[1]    Other aspects of the Board's decision were either unchallenged at the Veterans Court or remanded to the Board for further adjudication. For example, the issue of separate and initial ratings for other foot-related symptomologies (hypermobility and loss of use) was remanded to the Board. And the Board's 50% rating under diagnostic

The Veterans Court concluded that Mr. Regis had not demonstrated error with respect to these aspects of the Board's decision. Mr. Regis timely appealed. Our jurisdiction is assessed under 38 U.S.C. § 7292.

## DISCUSSION

We have limited jurisdiction to review Veterans Court decisions. Unless a constitutional issue is presented, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). "Even when an argument is couched in terms of statutory interpretation, this court lacks jurisdiction where the review the appellant requests ultimately reduces to an application of the law to facts." *Delisle v. McDonald*, 789 F.3d 1372, 1374 (Fed. Cir. 2015) (cleaned up). Likewise, merely characterizing an argument as presenting a constitutional issue is insufficient to confer jurisdiction. *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007).

The Veterans Court rejected Mr. Regis's arguments related to his rating under diagnostic code 5276 for flatfoot, plantar fasciitis, and Morton's disease because they were either too difficult to discern or because he had not pointed out which symptoms he contended "were not compensated under Diagnostic Code 5276 or how any such symptoms could have satisfied the criteria for a separate rating under Diagnostic Code 5284." J.A. 12–13. Ultimately, the Veterans Court "[could not] conclude that [Mr. Regis] ha[d] met his burden of demonstrating that the Board erred," J.A. 12, when the Board determined that diagnostic code 5276 covered these manifestations and that additional separate ratings would be duplicative.

---

code 5276 for the period after May 11, 2015, was unchallenged. We need not outline other aspects of the Board's decision in further detail here.

Here, Mr. Regis's arguments related to his 30% rating under diagnostic code 5276 and lack of a separate rating under diagnostic code 5284 are all arguments about factual determinations or the Veterans Court's application of law to fact.  Specifically, his arguments amount to contentions that: (1) he should have received a 50% rating instead of a 30% rating under diagnostic code 5276 for the period prior to May 11, 2015; and (2) the Board should have found that his manifestations of plantar fasciitis and Morton's disease were sufficiently separate from his manifestations of flat-foot such that their separate and additional rating under diagnostic code 5284 would not have been duplicative. These are factual issues—or, at most, issues of application of law to fact.  We recognize that Mr. Regis has couched these arguments in terms of regulatory interpretation and constitutional issues; however, that is insufficient to confer jurisdiction here.  *See Delisle*, 789 F.3d at 1374; *Flores*, 476 F.3d at 1382.

We also dismiss Mr. Regis's appeal as it pertains to the Veterans Court's decision related to TDIU.  Initially, we note that Mr. Regis appears to be under the impression that the Veterans Court somehow denied a TDIU claim that the Board dismissed.  *See* Appellant's Br. 30.  That does not seem to be the case.  The Board deferred assessment of the issue of an earlier TDIU effective date (which was raised in a correspondence that had "10182 11B" written on it) until Mr. Regis indicated which appeal track he intended to select by filing either VA Form 10182 or VA Form 9.  This form-request aspect of the Board's decision was not challenged or addressed at the Veterans Court.  Instead, Mr. Regis raised an unclear argument related to TDIU based on the state of the record evidence in 2010. The Veterans Court concluded that the argument raised was "vague and lacking in analysis," was presented without "cit[ing] any evidence in the record," and the Veterans Court declined to address it further.  J.A. 16.  Here, Mr. Regis's arguments are also very difficult to parse.

However, they generally seem to challenge a determination the Veterans Court did not make on an issue it was not presented with, or otherwise challenge the Veterans Court's conclusion that his argument there was underdeveloped.

## CONCLUSION

We have considered Mr. Regis's remaining arguments and find them unpersuasive. Because Mr. Regis's appeal does not present issues within our limited jurisdiction, we dismiss.

**DISMISSED**

## COSTS

No costs.