# United States Court of Appeals for the Federal Circuit

---

**LARRY B. HERRINGTON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2358

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-5981, Judge Margaret C. Bartley.

---

Decided: May 30, 2025

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENNETH M. CARPENTER.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; JONATHAN KRISCH, DEREK SCADDEN, ANDREW J. STEINBERG, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, CUNNINGHAM, *Circuit Judge*, and SCARSI, *District Judge*.[1]

MOORE, *Chief Judge*.

Larry B. Herrington appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals' (Board) denial of a disability evaluation in excess of 30% for gastroesophageal reflux disease (GERD). We affirm.

## BACKGROUND

Mr. Herrington served on active duty in the U.S. Air Force from January 1970 to December 1972 and from August 1990 to August 1991. *Herrington v. McDonough*, No. 21-5981, 2022 WL 17985143, at *1 (Vet. App. Dec. 29, 2022). In September 2009, Mr. Herrington filed a claim for service connection for Barrett's disease, chronic gastritis, reflux disease, and hiatal hernia. *Id.* The Department of Veterans Affairs (VA) regional office awarded service connection for GERD with a non-compensable evaluation. *Id.* Eventually, the Board awarded a 30% evaluation for GERD by analogy to the diagnostic code for hiatal hernia, Diagnostic Code (DC) 7346, and denied an evaluation in excess of 30%. *Id.* at *2. The Veterans Court affirmed the Board's decision, concluding the Board's selection of DC 7346 was "not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* at *1–5. Mr. Herrington appeals.

————————————

[1]    The Honorable Mark C. Scarsi, District Judge, United States District Court for the Central District of California, sitting by designation.

## DISCUSSION

This appeal involves a single issue: what standard the Veterans Court should apply when reviewing the Board's selection of an analogous diagnostic code to rate a disability under 38 C.F.R. § 4.20. Mr. Herrington argues the correct standard is de novo review, and the Veterans Court erred by applying the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard set forth in 38 U.S.C. § 7261(a)(3)(A). Appellant Br. 5. Whether the Veterans Court applied the correct legal standard is a question of law we have jurisdiction to review de novo. *Conyers v. McDonough*, 91 F.4th 1167, 1170 (Fed. Cir. 2024); 38 U.S.C. § 7292(d).

This issue is one of first impression. The relevant regulation states:

> When an unlisted condition is encountered it will be permissible to rate under a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous.

38 C.F.R. § 4.20. In other words, the regulation allows a veteran's disability to be rated by analogy when the disability "does not clearly fall under one of the delineated diagnostic codes" listed on the VA's Schedule for Rating Disabilities (Schedule). *Webb v. McDonough*, 71 F.4th 1377, 1378–79 (Fed. Cir. 2023) (citing 38 C.F.R. § 4.20).

Our precedent is clear that selection of a diagnostic code for conditions listed on the Schedule "concerns questions of fact—or at least questions of the application of the law to the facts[.]" *Delisle v. McDonald*, 789 F.3d 1372, 1374 (Fed. Cir. 2015). In the related context of unlisted conditions, we see no reasonable argument that selection of a "closely related disease or injury" for rating by analogy does not also concern such questions. The plain language of 38 C.F.R. § 4.20 demonstrates selection of a "closely

related disease or injury" is a fact-intensive inquiry requiring specialized expertise and evaluation of "the functions affected," "the anatomical localization," and "symptomatology" of an unlisted condition in relation to listed conditions. Further, it is evident the Board applied the law to the facts of Mr. Herrington's case to determine "the lay and medical evidence more nearly approximates the criteria for a rating of 30 percent for GERD, under DC 7346," and "no other diagnostic code provides for a higher rating." J.A. 132–33. For example, the Board considered Mr. Herrington's prior medical examinations, symptoms, and medications; the rating criteria of DC 7346; and the criteria of multiple other diagnostic codes. *Id.* at 128–35.

In the context of diagnostic code selection for conditions listed on the Schedule, the Veterans Court reviews the Board's application of law to the facts under the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard set forth in 38 U.S.C. § 7261(a)(3)(A). *Butts v. Brown*, 5 Vet. App. 532, 539 (1993) (en banc). Neither party disputes this standard of review. Appellant Reply Br. 5–6; Appellee Br. 8. Because selection of an analogous diagnostic code for rating unlisted conditions also concerns questions of fact, or at least questions of the application of law to the facts, the same deferential standard of review applies. *See Bufkin v. Collins*, 604 U.S. ___, 145 S. Ct. 728, 739 (2025) ("When the tribunal below is 'immerse[d]' in facts and compelled to 'marshal and weigh evidence' . . . the appellate court 'should usually review a decision with deference.'" (quoting *U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 396 (2018))). We therefore conclude the Veterans Court applied the correct standard of review.

CONCLUSION

We have considered Mr. Herrington's remaining arguments and find them unpersuasive.  Accordingly, we affirm the Veterans Court's decision.

**AFFIRMED**