NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OLIVER SHANNON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1784

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-7270, Judge Joseph L. Falvey, Jr, Judge Scott Laurer, Judge William S. Greenberg.

---

Decided:  June 9, 2025

---

OLIVER SHANNON, Locust, NC, pro se.

LAUREL DON HAVENS, III, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; MATTHEW ALBANESE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

PER CURIAM.

Oliver Shannon appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) denying a higher rating for his right knee disabilities. Because Mr. Shannon raises issues we do not have jurisdiction to review, we *dismiss*.

## BACKGROUND

Mr. Shannon served in the U.S. Army from 1968 to 1971. S. Appx. 42.[1] At issue here is the Veterans Court's decision related to the Board's determination "the criteria in excess of 10 percent based on right knee limitation of motion, or for separate ratings for genu recurvatum or impairment of the tibia or fibula, have not been met." S. Appx. 26. The Veterans Court held the Board did not err when it denied a higher rating for Mr. Shannon's right knee disabilities. S. Appx. 12–13. Mr. Shannon timely appeals.

## DISCUSSION

We have limited jurisdiction to review Veterans Court decisions. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Unless a constitutional issue is presented, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Even when an argument is framed as one of statutory interpretation, we lack jurisdiction if the argument ultimately

———————————

[1]  "S. Appx." refers to the supplemental appendix attached to Appellee's Informal Response Brief.

concerns an application of law to the facts. *Delisle v. McDonald*, 789 F.3d 1372, 1374 (Fed. Cir. 2015).

The Veterans Court rejected Mr. Shannon's arguments that (1) the Board failed to apply or misapplied several regulations; (2) the Board failed to consider his 1968 leg injury and 1970 back injury for his right knee disability rating, which has an effective date of October 6, 2011; and (3) the Veterans Court should either grant service connection or take some unspecified action on claims the Board did not decide. S. Appx. 14–17. The Veterans Court explained Mr. Shannon "disagrees with the Board's decision but doesn't point to evidence that disputes the Board's findings" and held "[t]he Board didn't clearly err when it weighed the evidence." S. Appx. 17.

On appeal, Mr. Shannon's arguments are difficult to parse. He lists, without explanation, the statutory and regulatory provisions and diagnostic codes (DC) the Board cited in its challenged determination. Appellant's Informal Br. 1 (citing 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1–4.7, 4.10, 4.40, 4.45, 4.59, 4.71a; DC 5003, 5256, 5262, 5263); *see also* S. Appx. 26. He cites 38 U.S.C. § 7332, also without explanation, which relates to confidentiality of medical records "maintained in connection with the performance of any program or activity . . . relating to drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus, or sickle cell anemia." Appellant's Informal Br. 2.

Pro se filings are construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but we cannot read in arguments that were never made in the briefs. *See Parks v. Shinseki*, 716 F.3d 581, 586 (Fed. Cir. 2013). At most, Mr. Shannon challenges how certain diagnostic codes were applied, but whether a particular rating was correctly assigned requires application of law to fact that we do not have jurisdiction to review. *Middleton v. Shinseki*, 727 F.3d 1172, 1177–78 (Fed. Cir. 2013) (citing 38 U.S.C.

§ 7292(d)(2)).  We recognize Mr. Shannon has framed these arguments in terms of statutory or regulatory interpretation and generally claims his constitutional right has been violated.  Appellant's Informal Reply Br. 1–2, 6–7, 10.  Merely characterizing an argument as presenting a constitutional issue, as Mr. Shannon does here, is insufficient to confer jurisdiction.  *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007).

Mr. Shannon makes additional arguments that generally seem to challenge determinations the Veterans Court did not make on issues it was not presented, or otherwise challenge the Veterans Court's conclusion that his argument there was underdeveloped.  Both are issues we lack jurisdiction to review.  *Belcher v. West*, 214 F.3d 1335, 1337 (Fed. Cir. 2000) (holding we lack jurisdiction to review an issue or argument that was not raised to the Veterans Court).

First, Mr. Shannon cites 38 U.S.C. § 20.1403, which defines clear and unmistakable error (CUE), for "[k]nee tibia and fibula."  Appellant's Informal Br. 2; *see also* Appellant's Informal Reply Br. 5–6.  But Mr. Shannon did not allege CUE before the Veterans Court.  S. Appx 21–23.  Second, Mr. Shannon disputes the 1982 denial of his "claim for lumbosacral strain with muscle spasms."  Appellant's Informal Br. 2–3; *see also* Appellant's Informal Reply Br. 7–8.  But that claim was not before the Board and not addressed by the Veterans Court.  S. Appx. 42–43; S. Appx. 12–17.  Finally, Mr. Shannon challenges the Veterans Court's finding that any records relating to a 1968 leg injury and a 1970 back injury are irrelevant to the rating for his right knee disability, which has an effective date of October 6, 2011.  Appellant's Informal Br. 2; *see also* Appellant's Informal Reply Br. 4–5.  Mr. Shannon fails to present any argument as to why these records were relevant and should have been considered by the Veterans Court.  *Id.*; *Parks*, 716 F.3d at 586 ("[I]t is one thing to read a record

sympathetically . . . it is quite another to read into the record an argument that had never been made.").

## CONCLUSION

We have considered Mr. Shannon's remaining arguments and find them unpersuasive. Because Mr. Shannon's appeal does not present issues within our limited jurisdiction, we dismiss.

**DISMISSED**

COSTS

No costs.